# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01525-SCT

*BETH McMICHAEL*

*v.*

*ELI HOWELL, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/2004 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ORVIS A. SHIYOU |
| ATTORNEYS FOR APPELLEE: | MATTHEW D. MILLER |
| | STEPHEN PAUL WILSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 06/02/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    Beth McMichael brought an action alleging that Dr. Eli Howell failed to inform her of the risks involved with facial skin laser surgery, failed to perform the services agreed upon and as a result departed from the standard of care.  The Circuit Court of Lamar County granted summary judgment in favor of Dr. Howell because McMichael failed to present expert medical testimony in support of her claim.  McMichael now appeals to this Court.  Finding no error, we affirm the judgment of the circuit court.

## FACTS AND PROCEDURAL HISTORY

¶2. On January 28, 1997, Dr. Howell performed a laser resurfacing procedure on McMichael's forehead, peri-oral area, crows feet and lower eyelids. Around August 4, 1999, Dr. Howell discussed with McMichael the need to do a full facial laser and TCA peel of the neck to achieve the same color as the face. On September 23, 1999, Dr. Howell began the laser resurfacing of McMichael's face and the TCA peel of her neck. During the procedure, Dr. Howell noted that McMichael's skin was very thin in the previously treated areas and feared the skin would burn, resulting in scars. These previously treated areas were not re-treated during this procedure, and McMichael was discharged following this procedure. On September 29, 1999, McMichael returned to Dr. Howell for a follow-up visit, at which time he explained that the full face resurfacing was not performed during the procedure because her skin appeared too thin to withstand a second laser procedure and may have been burned.

¶3. McMichael filed a complaint in the Circuit Court of Lamar County alleging that Dr. Howell "failed to inform the Plaintiff of the care rendered to her by him, failed to perform the services which he agreed to perform, was negligent in the services and care rendered to the Plaintiff and as a result thereof departed from the standard of care." McMichael, in her answers to interrogatories identified Dr. William Gullung, III, and Dr. Benson as witnesses who would provide expert testimony to support her claim. However, she provided no reports of their opinions, no treatises, no curriculum vitae on the experts or other documents supporting their opinions. Dr. Howell filed a motion for summary judgment on the basis that McMichael had failed to designate any expert witnesses to testify as to the alleged breach of the standard of care as required by Mississippi law. The circuit court entered an order dismissing the motion for summary judgment without prejudice. The trial court granted

McMichael thirty days to take the deposition of Dr. Howell and an additional forty-five days to provide expert witness disclosures.

¶4.     McMichael did not depose Dr. Howell, nor did she provide any expert witness disclosures within the time period set forth in the trial court's order.  Dr. Howell filed a motion to dismiss or for summary judgment on the basis that McMichael has failed to provide any expert witness to testify as to the alleged breach and the standard of care.  In McMichael's response, she contended that expert testimony was not necessary to carry her burden of proof at trial.  After oral arguments, the trial court entered its opinion granting Dr. Howell's motion for summary judgment on all claims and dismissing the complaint with prejudice.  McMichael filed a motion to reconsider asserting that expert witness testimony was not required for her claims and that the trial court failed to address all claims in its opinion.  The trial court denied the motion to reconsider, and McMichael now appeals to this Court raising the same issues as was raised in her motion to reconsider:

1.      Whether defendant's motion for summary judgment was properly granted as to plaintiff's claim that defendant failed to provide plaintiff with informed consent.
2.      Whether defendant's motion for summary judgment was properly granted as to the entirety of plaintiff's complaint.

**DISCUSSION**

¶5.     This Court employs a de novo standard of review of a trial court's grant or denial of summary judgment and examines all the evidentiary matters before it, admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.  *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004) (citing *Hurdle v. Holloway*, 848 So. 2d 183, 185 (Miss. 2003)).  The evidence is viewed in the light most favorable to the party opposing the motion.  *Davis*, 869 So. 2d at

3

401. If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. *Id.* The burden of demonstrating that no genuine issue of fact exists is on the moving party. *Id.* (citing *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658, 663 (Miss. 2002)). The party opposing the motion must be diligent and may not rest upon mere allegations or denials in the pleadings but must by allegations or denials set forth specific facts showing there are genuine issues for trial. *Id.* (citing *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997)).

¶6. Here, Dr. Howell's motion was a motion to dismiss or, in the alternative, for summary judgment. A motion to dismiss is converted into a motion for summary judgment if the trial court considers matters outside the pleadings when ruling on the motion. *Richardson v. Sara Lee Corp.*, 847 So. 2d 821, 823 (Miss. 2003). Here, the circuit judge examined interrogatories outside of the pleadings, thereby converting the motion to dismiss into a motion for summary judgment.

       **1.**       **Whether the Trial Court Erred in Granting Summary Judgment on Plaintiff's Claim That Defendant Failed to Provide Plaintiff with Informed Consent**.

¶7. The trial court granted Dr. Howell's motion for summary judgment because McMichael did not provide expert medical testimony to support her claim. The trial court concluded that "while expert testimony is not necessary to establish what the physician advised the patient about the treatment or procedure, it is necessary in order to establish what the physician should have advised the patient regarding the procedure or treatment, and that the treatment proximately caused some worsened condition." McMichael admits that she does not have

4

expert medical testimony. McMichael argues that her claim does not require expert medical testimony because she has not claimed mere inadequacy of being informed of the risks associated with the procedure, but has claimed that no such warning of the risks were given at all. McMichael alleges that Dr. Howell did not inform her of any risks associated with the full facial laser. However, Dr. Howell, in response, asserts that he did advise her of all risks associated with the procedure.

¶8.     When a plaintiff claims that a physician has breached the duty to obtain the patient's informed consent the familiar tort elements apply: duty, breach, causation, and damage. *Phillips ex rel. Phillips v. Hull*, 516 So. 2d 488, 492 (Miss. 1987). If there is a physician-patient relationship, the doctor automatically has the duty to inform and procure the consent of the patient as it relates to the proposed treatment. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1363 (Miss. 1990). However, the individual claiming a breach of this duty must make more than mere allegations to substantiate that a breach has occurred. *Id.* In *Palmer*, this Court held:

> Once proof of duty and breach of that duty is provided, the plaintiff [i.e., Ms. McMichael] is required to produce evidence of two sub-elements of causation. First, the plaintiff must show that a reasonable patient would have withheld consent had she been properly informed of the risks, alternatives, and so forth. And second, the plaintiff must show that the treatment was the proximate cause of the worsened condition. That is, plaintiff must show that she would not have been injured had the appropriate standard of care been exercised. Generally, proof of the later sub-element requires expert testimony that the defendant's conduct--not the patient's original illness or injury--led to the worsened condition.

*Id.* at 1364 (citations omitted).

¶9. Thus, where a plaintiff charges that a doctor performed a procedure without first obtaining informed consent, the plaintiff's first task is to establish what are known risks of the procedure, and this requires an expert opinion. *Jamison v. Kilgore*, 2005 WL 171425, *4 (Miss. 2005). McMichael argues that she does not have to produce expert opinion because her claim goes to what actually transpired between Dr. Howell and her. McMichael alleges that Dr. Howell did not warn her of any risks or complications. This Court has recognized other jurisdictions which have held that "a failure to disclose any of the known and existing risks of proposed treatment when such risks might well affect a patient's decision to submit or forgo the treatment, therefore, constitutes a prima facie violation of that duty." *Marshall v. The Clinic for Women, P.A.*, 490 So. 2d 861, 864 (Miss. 1986) (quoting *Calabrese v. Trenton State College*, 392 A.2d 600, 606 (N.J. Super. Ct. App. Div. 1978)). However, this does not apply to the facts of this case.

¶10. Dr. Howell asserts that he did warn McMichael of the risks involved with the full facial laser. In support of this assertion, Dr. Howell produced an authorization and consent form signed by McMichael. This authorization and consent form stated that "the nature and purpose of the operation, possible alternative methods of treatment, risks involved, and the possibility of complications have been fully explained" and McMichael initialed every line and signed at the bottom of the form. "Documents introduced into evidence containing the signature of the plaintiff and authorizing the medical action taken, are a measure of support from the doctor's claims that the consent given was informed even though 'the documents do not reveal the specific information disclosed and whether the information was adequate.'" *Hudson v. Parvin*, 582 So. 2d 403, 411 (Miss. 1991) (quoting *Palmer*, 564 So. 2d at 1364).

¶11. The fact that McMichael signed the statement on the consent form which contained the acknowledgment that she had been informed of the risks and complications negate her claim that Dr. Howell failed to inform her of any risks associated with the full facial laser. McMichael's mere allegation to the contrary is insufficient rebuttal. *Davis v. Hoss*, 869 So. 2d at 401. Furthermore, when claiming breach of the duty to inform, McMichael must make more than a mere allegation that the breach has occurred. *Palmer*, 564 So. 2d 1364. Assuming, arguendo, that Dr. Howell breached his duty to obtain informed consent, then evidence in the record must also reflect a causal connection between breach of that duty and any injury suffered. "Proof of the later sub-elements require expert testimony that the defendant's conduct--not the patient's original illness or injury--led to the worsened condition." *Id.* at 1364.

¶12. The trial judge gave McMichael an additional forty-five days to provide expert witness testimony regarding her claims, and she failed to produce the expert testimony. Thus, the trial court did not err in granting summary judgment on the issue of informed consent.

**2. Whether Defendant's Motion for Summary Judgment Was Properly Granted as to the Entirety of Plaintiff's Complaint**.

¶13. In paragraph five of her complaint, McMichael asserted that the defendant "failed to inform the Plaintiff of the care rendered to her by him, failed to perform the services which he agreed to perform, was negligent in the services and care rendered to the Plaintiff and as a result thereof departed from the standard of care in his examination and treatment of the Plaintiff." The trial court's opinion regarding summary judgment stated that the plaintiff raised two claims in her complaint - medical negligence and informed consent. McMichael contends

7

that the trial court erred in granting summary judgment as to the entire complaint because the trial court only addressed two of her three claims. McMichael asserts that her allegation in her complaint that defendant failed to perform the services which he agreed to perform does not require expert medical testimony and was not addressed in the trial court's opinion.

¶14. McMichael's claims that Dr. Howell only performed a partial facial as opposed to a full facial. McMichael asserts that this claim is more of a breach of contract claim than a medical malpractice claim. However, throughout her brief, McMichael cites cases dealing with medical malpractice and states that

> if Defendant claims that he had no choice but to perform this partial facial since Plaintiff's skin was too skin [sic], then a question of fact is presented as to whether Defendant should have not performed any surgery rather than an incomplete surgery which discolored Plaintiff, or whether Defendant should have made that determination *before* proceeding with the second surgery.

McMichael's argument to support her "breach of contract" claim is nothing more than medical malpractice. Furthermore, McMichael cites ***Sheffield v. Goodwin***, 740 So. 2d 854, 857 (Miss. 1999), for the proposition that in certain instances a layman asked to evaluate a physician's negligence can observe and understand the negligence as a matter of common sense and practical experience and no expert medical testimony is required. This claim that Dr. Howell failed to perform the full facial, which was agreed upon, and whether he should not have performed any surgery at all is a claim for medical negligence and not 'breach of contract' as McMichael now asserts in her brief.

¶15. During McMichael's deposition, she testified that she expected Dr. Howell to end the procedure, wake her up from anesthesia, and inform her that if he performed the full facial she would receive third-degree burns. McMichael never offered expert testimony that this was the

8

correct standard of care or whether Dr. Howell should have checked her skin before the surgery to determine whether he could perform a full facial. This is a medical malpractice claim, and expert testimony is needed to establish that Dr. Howell failed to use ordinary skill and care. This Court has stated that "where the matter at issue is not within the scope of a layperson's common knowledge negligence can be proven in a medical malpractice action *only* where the plaintiff presents medical testimony establishing that the defendant physician failed to use ordinary skill and care." ***Powell v. Methodist Health Care-Jackson Hosps.***, 876 So. 2d 347, 348 (Miss. 2004) (emphasis added & citations omitted). The questions of whether Dr. Howell should have performed this medical procedure and what Dr. Howell knew or should have known prior to making the decision to perform the full facial are not matters of common sense and require medical testimony. Furthermore, a plaintiff claiming medical malpractice must show that there is a casual connection between the injury and the defendant's conduct or acts, and this requires expert medical testimony. ***Palmer***, 564 So. 2d at 1355.

¶16. Therefore, the trial court was correct in granting summary judgment as to McMichael's entire complaint because she did not produce expert medical testimony which is required for medical malpractice. McMichael clearly asserts medical malpractice in her complaint and not 'breach of contract.' The trial court's opinion discussed all claims raised by McMichael but categorized them into either informed consent or medical malpractice. The complaint clearly asserted that Dr. Howell departed from the standard of care when he failed to perform the services agreed upon. Medical testimony is required to support all of McMichael's claims, and summary judgment, as to all claims, in favor of Dr. Howell was proper.

**CONCLUSION**

9

¶17. The trial court did not err in granting summary judgment in favor of Dr. Howell because McMichael did not produce expert medical testimony which is required for informed consent and medical malpractice claims. For the foregoing reasons, we affirm the judgment of the trial court.

¶18. **AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**