IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60295

ANN RUTHERFORD, In Her Representative Capacity for John Wayne Dobbs
and On Behalf of All Others Similarly Situated

Plaintiff - Appellant

v.

BEVERLY ENTERPRISES INC; BEVERLY HEALTH AND
REHABILITATION SERVICES INC; BEVERLY HEALTHCARE INC;
BEVERLY ENTERPRISES MISSISSIPPI INC; WILLIAM FLOYD; DAVID
DEVEREAUX

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
(05-CV-145)

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Ann Rutherford—representing her deceased father John Wayne
Dobbs—appeals the district court's dismissal of her complaint without prejudice.
In that complaint, Rutherford alleged various acts of misconduct by the nursing
homes owned and operated by the defendants, acts that included poor caregiving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by the nursing home staff that resulted in significant injuries to Dobbs. The district court understood Rutherford's complaint to allege professional negligence claims and dismissed it due to Rutherford's failure to comply with Mississippi law related to such claims. We AFFIRM.

On appeal, Rutherford argues that the district court misunderstood the complaint in that the complaint actually alleged causes of action sounding in contract and related legal theories and asked for corresponding relief.[1] Our review of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is de novo. Sw. Bell Tel. v. City of Houston, 529 F.3d 257, 260 (5th Cir. 2008). The statute at issue, section 15-1-36(15) of the Mississippi Code, requires that any actions against health care providers "based upon the health care provider's professional negligence" be preceded by a 60-day notice of the intention to file the action.[2] It is undisputed that Rutherford did not give this notice, although the original—but now dismissed—plaintiff, William Glass, did.

Characterizing a professional negligence or malpractice claim as a contract claim is a strategy aimed at avoiding the limitations imposed on the former causes of action by statutes such as the one here. But the Mississippi Supreme Court has rejected this practice in the medical malpractice context. See McMichael v. Howell, 919 So.2d 18, 23–24 (Miss. 2005). In McMichael, the plaintiff sought to avoid the requirement that she introduce expert medical testimony, a medical malpractice requirement, by alleging a contract claim. See id. The court noted that the plaintiff relied on medical malpractice cases and

---

[1] Rutherford also alleged claims related to civil conspiracy, concealment and deceit, and failure to treat the nursing home residents with dignity and respect, and asked for declaratory and injunctive relief in addition to actual and punitive damages.

[2] Federal jurisdiction exists here owing to the parties' diversity. See 28 U.S.C. § 1332. And, "[u]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Foradori v. Harris, 523 F.3d 477, 486 (5th Cir. 2008). Rutherford makes no argument that § 15-1-36(15) is procedural; we do not decide that issue here.

made arguments in her brief that would require medical judgment. Id. at 23. The court accordingly found that "McMichael's argument to support her 'breach of contract' claim is nothing more than medical malpractice." Id.

We are faced with a similar situation here. Most importantly, the complaint gives substantial attention to the specific personal injuries suffered by Dobbs and Glass, including malnourishment, substantial physical injuries, and grotesque living conditions, all of which are clearly related to negligence with respect to the quality of caregiving both men received. The complaint also makes repeated general references to Beverly providing inadequate care; indeed, in the complaint section alleging "Concealment and Deceit"—a putatively non-negligence cause of action—Rutherford refers to Beverly's failures generally as "violations in the standard of care." And finally, as the district court noted, Glass did provide the notice required by the statute, indicating that Glass, as the original plaintiff, considered the complaint to state a professional negligence claim. And Rutherford simply joined Glass's complaint as a plaintiff not subject to arbitration; Rutherford's subsequent characterization of her omission as an independent litigation strategy is therefore unavailing.

Of course, we do not hold that purely contractual claims or other clearly non-negligence claims may not be brought against these defendants. But the allegations of the complaint before us are much too closely aligned with professional negligence to be treated as anything else; the judgment of the district court is accordingly

AFFIRMED.