CARLTON, J.,
DISSENTING:
¶ 30. I respectfully dissent. I would affirm the circuit court’s grant of summary judgment to Hines, RM, and Seago because Lacy failed to raise a genuine issue of disputed material fact as required to survive summary judgment. The record reflects that Lacy signed a consent document agreeing that Hines, as well as other physicians he might consult with, could perform a laparoscopic ovarian cystectomy to remove cysts on her ovaries and to possibly remove a fallopian tube. Lacy also consented to such additional surgeries and procedures (whether or not arising from presently unforeseen conditions) that the medical staff considered necessary or emergent.
¶ 31. Lacy presented no expert testimony to dispute the summary-judgment evidence submitted by Hines, RM, and Seago that Hines and Seago consulted during Lacy’s surgery and determined, in their opinion, that removal of Lacy’s ovaries was necessary and/or emergent. The undisputed facts show that, once the laparoscopy began, Hines discovered Lacy’s, right ovary was enlarged and covered in cysts and that no normal ovary tissue was present. The left ovary was also enlarged, surrounded by similar abnormal tissue, and completely lacking normal tissue. Concerned that both ovaries were cancerous, Hines consulted intraoperatively with Seago, an obstetrician/gynecologist specializing in gynecological cancers. Seago-con-firmed Hines’s findings that both ovaries were enlarged, diseased, and lacking any norrnal tissue. The undisputed facts also show that Seago concurred with Hines’s *132 opinion that both ovaries were highly suspicious for cancer.
¶ 32. In light of Lacy’s medical history of severe pelvic pain and recurrent ovarian cysts; her family history of ovarian, uterine, cervical, and breast cancer; and the absence of any normal, ovarian tissue to allow her to bear a child from her own eggs, Hines and Seago consulted and agreed during surgery that.it was medically necessary for Lacy’s health for her ovaries to be removed. The record reflects that a biopsy was contraindicated for fear of spreading cancer elsewhere in her pelvis and abdomen and that even a negative biopsy would not have ruled out cancer since benign lesions can develop into cancer.
! ¶33. In response to..,the .summary-judgment motion, Lacy presented no evidence or expert testimony. In failing to present expert testimony to rebut the summary-judgment evidence submitted by Hines, RM, and Seago, Lacy failed to rebut their evidénceand arguments that no dispute of material fact existed as to their medical opinion that the removal of Lacy’s ovaries was-a necessary and emergent procedure and that Lacy’s consent to such procedures applied to the Removal of her ovaries. As’ our caselaw establishes, a party opposing summary judgment must be diligent and may not rest on mere allegations or denials in the pleadings. McMichael v. Howell, 919 So.2d 18, 21 (¶ 5) (Miss.2005). The Mississippi Supreme Court explained in McMiehael that, where a plaintiff claims a physician has breached the duty to obtain the patient’s informed consent, the familiar elements of duty, breach, causar tion, and damage, apply. Id. at 22 (¶ 8). The supreme court stated that the individual claiming a breach of the duty to inform and procure patient consent must make more than mere allegations to show that a breach has occurred. Id. The McMichael court further stated that, “where a plaintiff charges that a doctor performed a procedure without first obtaining informed consent, the plaintiffs first task is to establish what are known risks of the .procedure, and this requires an expert opinion.” Id. at (¶ 9) (citing Jamison v. Kilgore, 903 So.2d 45, 50 (¶ 17) (Miss.2005)).
¶ 34. The record here reflects that the circuit court held all matters in abeyance except for the consent issue on summary judgment. The circuit court did not relieve Lacy of her burden to rebut or to respond to the summary-judgment issue of informed consent. However, the only evidence that Lacy submitted to counter the evidence submitted by Hines, RM, and Seago was her own‘affidavit. The circuit court'properly held that Lacy’s response was insufficient to support her claim that a genuine issue of disputed material fact existed.
¶ 35. As the record .reflects, Lacy presented no expert testimony.by physicians in the relevant field of medicine as to what additional surgeries or procedures were necessary or urgent due to the condition of her ovaries and relative to the laparoscopic ovarian cystectomy to remove the cysts on her ovaries and to possibly remove a fallopian tube. See Whittington v. Mason, 905 So.2d 1261, 1266, (¶ 25) (Miss.2005) (“[E]xpert testimony.is required to.assist the finder of fact in determining whether a particular risk is material, requiring disclosure to the patient prior to a medical procedure!!,]”). Lacy also provided no expert testimony as to what risks were material or required disclosure to her as, a patient prior to this medical procedure. She failed to present expert testimony to support her claim of a lack of informed consent, and she failed to raise a dispute of material fact to support her claims. See id. at (¶ 21) (recognizing that an objective *133 standard .applies to determine what information a physician must disclose).[16]
¶36. Based on the foregoing, I would affirm the circuit court’s grant of summary judgment to Hines, Seago, and RM. I therefore dissent from the majority’s opinion.

, See Reikes v. Martin, 471 So.2d 385, 392-93 (Miss.1985) (holding that, in a medical-malpractice action based on the doctrine of informed consent, an objective standard applies, and the question is whether a reasonably prudent patient, fully advised- of material known risks,. would have consented to the suggested treatment). See also Latham v. Hayes, 495 So.2d 453, 458 (Miss.1986) (applying the objective standard from Reikes to informed consent and acknowledging that the plaintiff bears the burden of proof to establish the professional standards of the medical profession for informed consent to the particular risk).