# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-01356-SCT

*CINDY LOU DAVIS*
*AND ROY LEE DAVIS*

*v.*

*DR. ARTHUR A. HOSS,*
*DR. MICHAEL C. DOHERTY,*
*DR. SAMUEL NORWOOD, III,*
*DR. RAMESHKUMAR B. PATEL,*
*DR. ROBERT BRENT HARRISON,*
*DR. WILLIAM P. ENGLISH,*
*DR. LUIS A. HASHIMOTO,*
*DR. WILLIAM D. DONALD,*
*DR. PHILLIP J. KREGOR,*
*THE UNIVERSITY HOSPITALS AND CLINICS,*
*UNIVERSITY ORTHOPAEDIC ASSOCIATION,*
*UNIVERSITY RADIOLOGY ASSOCIATES, PLLC,*
*and UNIVERSITY SURGERY ASSOCIATES, PLLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/22/2002 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | G. KENNER ELLIS, JR. |
| ATTORNEYS FOR APPELLEES: | JEFFREY RYAN BAKER |
| | WALTER T. JOHNSON |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 04/01/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Roy Lee and Cindy Lou Davis[1] filed separate complaints alleging that, while Roy was a patient at the University of Mississippi Medical Center ("UMMC"), the defendants failed to diagnose the multiple hip fractures he had sustained in a automobile accident.  Roy was injured in the accident in Lincoln County and was flown via helicopter to UMMC for treatment.  During surgery at UMMC, a bar fell, injuring Roy's genitals.  The circuit court granted the defendants' motion for summary judgment, finding the defendants were, at all times pertinent to the complaint, employees of UMMC and, thus, entitled to immunity pursuant to the Mississippi Tort Claims Act. *See* Miss. Code Ann. §§ 11-46-1 to -23. (2002).  Davis appeals, contending that the circuit court erred in finding the defendants were entitled to immunity.  Finding insufficient facts to enable a proper analysis under ***Miller v. Meeks***, 762 So. 2d 302 (Miss. 2000), we affirm in part as to some defendants, reverse in part and remand for further proceedings.

**FACTS**

¶2.    Upon Roy's admission to UMMC, x-rays were taken of his pelvis.  No fractures were discovered.  Roy was discharged a week later, but he subsequently sought treatment at the King's Daughters Hospital in Brookhaven where a hip fracture was diagnosed.  Roy was then examined at UMMC, at which time several multiple hip fractures were discovered.  He later underwent surgery at UMMC to repair the fractures.

---

[1] Roy and Cindy Davis filed separate complaints which were later consolidated. The plaintiffs will be collectively referred to as "Davis."

¶3. The Davises filed suit, alleging that the defendants were negligent in failing to diagnose the multiple pelvis fractures during his first hospitalization at UMMC and in allowing him to be injured by the falling bar during surgery. He claims that the surgical injury caused him to become sexually dysfunctional. Named defendants were Arthur Hoss, M.D., Michael Doherty, M.D., Samuel Norwood, M.D., Rameshkumar Patel, M.D., Robert Harrison, M.D., William English, M.D., Luis Hashimoto, M.D., William Donald, M.D., Phillip Kregor, M.D., Art Leis, M.D., Electrodiagnostic Consultants, The University Hospital and Clinics (University Medical Center), University Orthopaedic Association, University Radiology Associates, PLLC, University Surgery Associates, PLLC, and John Does No. 1, 2, 3, 4 and 5.

¶4. The defendants responded by filing a motion for summary judgment, alleging that (1) Davis did not provide notice pursuant to § 11-46-11(1); (2) Davis' suit was barred by § 11-46-11(3)'s one-year statute of limitations; and (3) each of the physicians, except for Dr. Leis, were employees of the State by virtue of their relationship with UMMC and were entitled to immunity pursuant to § 11-46-1(f). In support of the motion for summary judgment, the defendants submitted affidavits from Paul Trussell, UMMC's Director of Human Resources, and George Powell, UMMC's Risk Manager.

¶5. In his affidavit, Trussell averred as follows: (1) the defendant physicians received compensation and benefits from UMMC; (2) the defendant physicians were subject to UMMC's policies, direction and supervision in the scope and conduct of their employment; (3) the defendant physicians did not have discretion or authority to choose their patients; (4) at the time of the alleged negligence, Doctors Hoss, Norwood, English, and Donald were all

3

either residents or interns; and (5) at the time of the alleged negligence, Doctors Doherty, Patel, Harrison, Hashimoto, and Kregor were attending physicians.

¶6.     Powell is the Risk Manager at UMMC and is responsible for responding to legal claims against UMMC.  He stated that UMMC did not receive notice of Davis' lawsuit until it had already been filed and that the defendants were not served process until October 18, 2001, which was outside the one year limitation period to bring suit under the MTCA.  He also stated that UMMC required that the physicians employed in their respective departments create and maintain private entities for billing and collection purposes, and that the parties named in the lawsuit, University Orthopaedic, University Radiology, and University Surgery, existed solely to facilitate billing and collections for UMMC.

¶7.     A hearing on the motion for summary judgment was set for January 14, 2002.  Davis filed a motion for continuance, requesting in part that additional time was needed to conduct discovery, in part because the requested medical records had not been forthcoming.  The motion for continuance was not ruled upon, but the record shows that no hearing on the motion for summary judgment was ever held.  The circuit court did grant the defendants' motion to consolidate the two Davis complaints, but did not rule on the motion for summary judgment.

¶8.     On March 15, 2002, Davis propounded discovery and filed a motion for additional time to conduct discovery.  Davis submitted the affidavit of his attorney stating that no scheduling order was ever entered in the case,  discovery had been served on the defendants with no response, depositions were scheduled to determine the defendant physicians' employment status, and that the defendant physicians had provided no evidence on their contractual

4

employment status. Davis also attached letters mailed to the Medical Center Records Librarian, whereby Davis' medical records had been requested on March 1, 2000, October 22, 2001, and November 16, 2001. The records were not made available until December 26, 2001.

¶9.     The circuit court never ruled on any of Davis' motions. Instead, the circuit court granted the defendants' motions for summary judgment without a hearing.[2] It found that: (1) Davis did not comply with the MTCA notice provision; (2) Davis did not comply with the one year statute of limitations found in the MTCA; (3) Davis failed to state a claim against the individual physicians because they were state employees entitled to immunity; and (4) there were no genuine issues of material fact. Davis appeals.

## STANDARD OF REVIEW

¶10.     We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it, admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. *Hurdle v. Holloway*, 848 So. 2d 183, 185 (Miss. 2003).[3] The evidence is viewed in the light most favorable to the party opposing the

---

[2] Davis argues that there was never a hearing on the defendants' motion. During oral argument before the Court, the defendants asserted that the hearing was held in the judge's chambers; however, they also acknowledged that, even though he was contacted by telephone, Davis's attorney was not present. Davis' attorney does not recall a telephone hearing. Nothing in the record supports the contention that a hearing was held concerning the defendants' motion.

[3] The defendants' motion was a motion to dismiss or, in the alternative, for summary judgment. A motion to dismiss is converted into a motion for summary judgment if the trial court considers matters outside the pleadings when ruling on the motion. *Richardson v. Sara*

5

motion. If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor. The burden of demonstrating that no genuine issue of fact exists is on the moving party. ***Moore ex rel. Moore v. Mem'l Hosp. of Gulfport***, 825 So. 2d 658, 663 (Miss. 2002). The party opposing the motion must be diligent and may not rest upon mere allegations or denials in the pleadings but must by allegations or denials set forth specific facts showing there are genuine issues for trial. ***Richmond v. Benchmark Constr. Corp.***, 692 So. 2d 60, 61 (Miss. 1997).

## DISCUSSION

**I.     WHETHER THE CIRCUIT COURT ERRED IN GRANTING UMMC'S MOTION FOR SUMMARY JUDGMENT.**

¶11.    Davis argues that the circuit court erred in granting summary judgment in favor of UMMC. He contends that the statute of limitations was tolled because UMMC concealed his medical records until December 26, 2001. He further claims that his injury was latent and not discoverable until he had an opportunity to review his medical records.

¶12.    UMMC is an instrument of the State of Mississippi and is subject to the requirements of the MTCA. Miss. Code Ann. § 11-46-1(j). A plaintiff must provide notice of a claim to the chief executive officer of a state institution ninety days prior to bringing a civil suit against the

---

***Lee Corp.***, 847 So. 2d 821, 823 (Miss. 2003). Here, the circuit judge examined affidavits outside of the pleadings, thereby converting the motion to dismiss into a motion for summary judgment.

6

state entity. *Id*. § 11-46-11(1). All actions brought under the provision of the MTCA must be brought within one year of the tortious conduct. *Id*. § 11-46-11(3).

*Notice of Claim*

¶13.    Under the MTCA, we require substantial compliance with regard to filing a notice of claim and the institution of a suit. ***Carr v. Town of Shubuta***, 733 So. 2d 261 (Miss. 1999). However, "substantial compliance is not the same as, nor a substitute for, non compliance." ***Id***. at 265.    In the present case, Davis did not substantially comply with the MTCA's requirements. He gave notice of his claim against UMMC on the day that he filed his lawsuit.

*Statute of Limitations*

¶14.    Davis contends that the discovery rule applies because UMMC did not produce his medical records until December 26, 2001. He claims that his injury was latent and not discoverable until he had an opportunity to review his medical records.

¶15.    The discovery rule applies only when the injured party is unaware of his injuries and the conduct that caused the injuries. ***Robinson v. Singing River Hosp. Sys.*** 732 So. 2d 204, 208 (Miss. 1999). The discovery rule will toll the statute of limitations "until a plaintiff 'should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent.'" ***Moore ex rel. Moore v. Mem'l Hosp. of Gulfport***, 825 So. 2d at 667 (quoting ***Sarris v. Smith***, 782 So. 2d 721, 725 (Miss. 2001)). While it is true that a plaintiff's access to medical records may have an impact on

whether his injuries are deemed to be latent, we have expressly rejected "a bright line rule that the statute of limitations can never start to run until the plaintiff has access to medical records." *Sarris*, 782 So. 2d at 725.

¶16.    Here, Davis's injuries were not latent. He knew of UMMC's negligence following the surgery where the bar fell on his scrotum, sometime in early February 2000. He alleges he was misdiagnosed in October 1999 and received a groin injury during his February 4, 2000 complete hip replacement. Davis consistently and immediately complained of pain in his hip after his first visit to UMMC on October 19, 1999. Also, his groin injury should have given rise to at least some knowledge of negligence even without the aid of his medical records. As a result, the discovery rule does not apply, and the statute of limitations began to run on the date of the alleged tortious conduct, which was no later than March 11, 2000. Davis filed his complaint on October 18, 2001, which was after the one-year statute of limitations had expired.

¶17.    Since UMMC is protected by the MTCA, Davis had to meet the requirements of §11-46-11. Davis failed to do so. The trial court did not err in granting summary judgment for UMMC.

## II.    WHETHER THE CIRCUIT COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY DOCTORS DOHERTY, PATEL, HARRISON, HASHIMOTO, AND KREGOR.[4]

[4]Davis conceded at oral argument before this Court that Doctors Hoss, Norwood, English, and Donald were residents or interns at the time of the alleged negligence and that summary judgment as to these defendants was properly granted. *See* ***Knight v. McKee***, 781

8

¶18.    Davis argues that the above-listed physician defendants were not state employees at the time of his treatment at UMMC.  He also argues that there was no evidence to support summary judgment.

¶19.    The MTCA provides that no state employee "shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties."  Miss. Code Ann. § 11-46-7(2).  The MTCA defines "employee" as "any officer, employee or servant of the State of Mississippi or a political subdivision of the state," but specifically excludes from that definition an individual "acting in the capacity of an independent contractor."  *Id*. § 11-46-1(f). There is "a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment."  *Id*. §§ 11-46-5(3) & -7(7).

¶20.    To determine whether a faculty physician at UMMC is an employee or an independent contractor for purposes of immunity under the MTCA, we consider the factors adopted in *Miller v. Meeks*, 762 So. 2d 302, 310 (Miss. 2000):  (1) the nature of the function performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control and direction exercised by the state over the employee; (4) whether the act complained of involved the use of judgment and discretion; and (5) whether the physician received compensation, either directly or indirectly, from the patient for professional services

So. 2d 121, 122 (Miss. 2001) (Residents and interns are at all times in their capacity at UMMC state employees for purposes of the MTCA).

9

rendered. A judge must have discovery responses and produced discovery in applying these factors to the facts presented:

> Contested status issues invariably require discovery. The party seeking summary judgment on the grounds that he was not responsible for another's actions typically will be the party in possession of the information necessary to determining whether he is indeed responsible. While summary judgment may be appropriate where the status issue has been fully fleshed out and there are no material issues of fact, . . . it cannot be said that the status issue in this case has been fully fleshed out.

*Owens v. Thomae*, 759 So. 2d 1117, 1122 (Miss. 1999).

¶21. Summary judgment for a defendant physician was recently affirmed because we were able to make a finding from the record that he was a state employee entitled to immunity under the MTCA. *Corey v. Skelton*, 834 So. 2d 681 (Miss. 2003). The record contained the physician's employment contract and responses to interrogatories.

¶22. Similarly, in *Clayton v. Harkey*, 826 So. 2d 1283 (Miss. 2002), we upheld summary judgment in favor of the defendant physician, finding that the physician was a state employee entitled to immunity under the MTCA. Having examined the physician's employment contract, we found that "the record reveals that Dr. Harkey was a full-time faculty member who received a fixed contractual salary, all of which was paid from funds controlled by UMMC. Dr. Harkey was not permitted to earn any income from the practice of medicine outside of his contract." *Id*. at 1287.

¶23. In a third case, we upheld summary judgment for the defendant physician, finding that he was at all pertinent times employed by UMMC and acted according to the terms of his

10

contract. **Watts v. Tsang**, 828 So. 2d 785, 799 (Miss. 2002). We stated, "If the record is not sufficiently developed to determine the employment status of the faculty physician, this Court will reverse and remand so the trial court can apply the *Miller* test, unrestricted by the limited record before us on appeal." *Id*. at 798.

¶24. Finally, in **Mozingo v. Scharf**, 828 So. 2d 1246 (Miss. 2002), we upheld summary judgment, finding that the defendant physician was a state employee entitled to immunity under the MTCA when there were sufficient facts in the record to properly apply the *Miller* factors and determine that summary judgment was appropriate. We were able to examine the physician's employment contract to determine the degree of control and direction exercised by the state over the physician and whether the physician received compensation directly or indirectly from the patient. *Id*. at 1252-53.

¶25. Under this precedent, the circuit judge erred in granting summary judgment to Doctors Doherty, Patel, Harrison, Hashimoto, and Kregor. A full and meaningful application of the *Miller* factors was not possible on the record before the circuit court. The only evidence presented in support of these doctors' motion for summary judgment was two affidavits stating that the doctors were either residents, interns, or attending physicians. To compound the error, the circuit court never allowed the parties to conduct discovery, essentially barring Davis from presenting any evidence to rebut the motion.

¶26. We therefore reverse the grant of summary judgment to Doctors Doherty, Patel, Harrison, Hashimoto, and Kregor and remand to the circuit court with instructions to enter a

scheduling order which allows for a period of discovery. The circuit court should not rule on these doctors' motion for summary judgment until discovery is complete.

> **III. WHETHER THE CIRCUIT COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY THE UNIVERSITY ORTHOPEDIC ASSOCIATION, THE UNIVERSITY RADIOLOGY ASSOCIATES, PLLC, AND THE UNIVERSITY SURGERY ASSOCIATES, PLLC.**

¶27. Davis argues that there was no evidence except the affidavit of UMMC's risk manager to indicate that the association entities existed only for billing and collection purposes. There is nothing in the record to support Powell's affidavit.

¶28. Again, a full and meaningful application of the *Miller* factors was not possible on the record before the circuit court, and the circuit court did not allow the Davises to conduct discovery. We reverse the grant of summary judgment to the University Orthopedic Association, the University Radiology Associates, PLLC, and the University Surgery Associates, PLLC.

> **IV. WHETHER DISMISSAL WAS APPROPRIATE AS TO THE PHYSICIANS AND THE PRACTICE GROUP SINCE DAVIS FAILED TO COMPLY WITH THE MTCA'S NOTICE REQUIREMENT.**

> **V. WHETHER DISMISSAL WAS APPROPRIATE AS TO THE PHYSICIANS AND THE PRACTICE GROUPS BECAUSE DAVIS FAILED TO BRING HIS CLAIM AGAINST THEM WITHIN THE ONE YEAR STATUTE OF LIMITATIONS.**

¶29. The resolution of Issues IV and V is completely dependent on whether the physicians and the practice groups are provided protection under of the MTCA. Since we reverse and

12

remand to the circuit court for a determination whether the MTCA applies as to the these defendants, we will not address Issues IV and V.

## CONCLUSION

¶30.    We affirm the summary judgment in favor of UMMC and  Doctors Hoss, Norwood, English, and Donald.  We reverse the summary judgment in favor of Doctors Doherty, Patel, Harrison, Hashimoto, Kregor, and the Association Entities and remand this case for the circuit court to allow Davis to proceed with discovery as to Doctors Doherty, Patel, Harrison, Hashimoto, and Kregor's employment status with UMMC.

¶31.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.  EASLEY, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.  DIAZ, J., NOT PARTICIPATING.**

**EASLEY, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶32.    While I concur with the majority in the affirmance of the summary judgment as to Doctors Hoss, Norwood, English and Donald, I must dissent from its decision not to affirm the summary judgment as to Drs. Doherty, Patel, Harrison, Hashimoto and Kregor.

¶33.    In his affidavit, Paul Trussell, UMMC's Director of Human Resources, stated under oath that: (1) the defendant physicians received compensation and benefits from UMMC; (2) the defendant physicians were subject to UMMC's policies, direction and supervision in the scope and conduct of their employment; (3) the defendant physicians did not have discretion or authority to choose their patients; (4) at the time of the alleged negligence, Drs. Hoss,

Norwood, English and Donald were all either residents or interns; and (5) at the time of the alleged negligence, Drs. Doherty, Patel, Harrison, Hashimoto and Kregor were attending physicians.

¶34.    I respectfully concur in part and dissent in part because I would affirm the circuit court's judgment in its entirety.