# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00319-SCT

*CAROLYN STALLWORTH*

*v.*

*BENJAMIN SANFORD, M.D., THOMAS HOWARD PEARSON, M.D., AND TOMMY J. COBB, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/20/2004 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | LEONARD McCLELLAN |
| | HERBERT LEE, JR. |
| ATTORNEYS FOR APPELLEES: | ELLEN ANN BLACK |
| | JAMES A. BECKER, JR. |
| | ANASTASIA G. JONES |
| | J. GORDON FLOWERS |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 02/16/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND RANDOLPH, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This case is before this Court on appeal from the judgment of the Circuit Court of Oktibbeha County, Mississippi, by Carolyn Stallworth ("Stallworth") challenging Judge Lee J. Howard's grant of summary judgement in favor of defendants Drs. Tommy J. Cobb ("Dr. Cobb"), Thomas Howard Pearson ("Dr. Pearson"), and Benjamin Sanford ("Dr. Sanford") (collectively "Doctors").   Specifically, Stallworth argues her failure to comply with discovery requests does not warrant summary judgement in the Doctors' favor, her claims are not barred

by the statute of limitations under Miss. Code Ann. section 15-1-36 (Rev. 2003), and that she gave proper notice of her intent to sue under section 15-1-36.

## FACTS

¶2.    In July of 2001, Stallworth was approximately four months pregnant with twins and under the care of Drs. Cobb, Pearson, and Sanford.  On August 19, 2001, Stallworth went into premature labor and gave birth to stillborn twins.  Drs. Cobb and Pearson, who practice obstetrics and gynecology in Starkville, Mississippi, treated Stallworth during her pregnancy. Dr. Sanford practices internal medicine in Starkville and treated Stallworth for a thyroid condition prior to and after the stillbirth of her twins.

¶3.    In October of 2003, Stallworth filed her first complaint against the Doctors.  However, the suit was dismissed without prejudice for failure to serve process within 120 days.  Shortly after the dismissal, and more than two and one-half years after her twins stillbirth, Stallworth filed her second complaint on May 18, 2004.  Approximately three months later, Dr. Sanford filed a Motion for Summary Judgment arguing that Stallworth failed to comply with the notice requirements under section 15-1-36 and that the statute of limitations barred Stallworth's claim.  Shortly thereafter, Drs. Pearson and Cobb joined Dr. Sanford's Motion for Summary Judgement and separately moved for summary judgement on the additional ground that Stallworth failed to respond to discovery requests, which was then joined by Dr. Sanford.

¶4.    The trial court granted summary judgement finding Stallworth failed to respond to discovery requests; specifically, that Stallworth failed to identify a medical expert to substantiate her negligence claims.  The trial court also found that the statute of limitations

2

expired before Stallworth filed her second suit, and that Stallworth failed to comply with the notice requirements set forth under section 15-1-36.

## STANDARD OF REVIEW

¶5.     This Court reviews summary judgments de novo. *Davis v. Hoss*, 869 So. 2d 397, 401 (Miss. 2004).    Summary judgement will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgement as a matter of law." M.R.C.P. 56(c).    "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401.    "If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in his favor." *Id*.    The burden of demonstrating that a genuine issue of material fact does not exist is placed on the moving party. *Id*.

## DISCUSSION OF LAW

### I.       Whether Stallworth's Noncompliance with Discovery Requests Warrants Granting the Doctor's Motion for Summary Judgement.

¶6.     Stallworth argues the trial court incorrectly based the grant of summary judgment in part on Stallworth's failure to timely respond to the Doctors' interrogatory request for designation of an expert witness.   This Court has held in order to survive a summary judgment motion, expert testimony is required to establish that a defendant failed to use ordinary skill and care. *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996); *Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987) (overruled on other grounds).

3

¶7. In the case at bar, the trial court held a hearing on the Doctors' summary judgment motion on October 25, 2004. At the hearing, Stallworth did not provide an expert opinion to support her claims against the Doctors. Instead, in an affidavit opposing summary judgment, filed on October 22, 2004, Stallworth requested an additional thirty days to submit an expert's affidavit. In the affidavit she explained why she had not obtained an expert opinion at that point in the litigation:

> Prior to filing the instant lawsuit and the previous lawsuit against these same defendants, undersigned counsel and co-counsel consulted with an OB/GYN Physician licensed and practicing in the State of Mississippi who advised that Plaintiff's claims against defendants were meritorious, but who was reluctant to serve as an expert witness due to the perceived prevailing public and peer hostility against medical negligence litigation and its alleged effects on insurance rates.
> Efforts were made over the last several months to retain other Mississippi physicians as experts but to no avail. After consulting with physicians from other states, counsel for Plaintiff recently located an OB/GYN expert who has agreed to testify and to provide an affidavit detailing the applicable standard of care for high risk pregnancies for persons with hyperthyroidism such as the Plaintiff and the defendants' violation of the applicable standard of care caused Plaintiff damages, including but not limited to premature labor and losing her twins infants [sic].

¶8. Stallworth argues the trial court abused its discretion in granting the Doctors' summary judgment motion when the trial judge did not grant a continuance under Miss. R. Civ. P. 56(f).[1] The rule states:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his

---

[1] In her brief, Stallworth cites to Rule 56(e). However, Stallworth argues she properly requested additional time to obtain a medical expert's affidavit. This request for additional time is the subject of Rule 56(f).

opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

*Id*.

¶9.     A trial court has sound discretion to grant or deny a continuance under Rule 56(f). *Owens v. Thomae*, 759 So. 2d 1117, 1120 (Miss. 1990).  This Court will only reverse a trial court where its decision can be characterized as an abuse of discretion. *Id*.

¶10.    In his final judgment, the trial  judge denied Stallworth's request for a continuance and granted the Doctors' summary judgment motion based on Stallworth's failure to substantiate the claims of medical negligence.  The trial judge based his decision on the fact that in June of 2004, the Doctors served Stallworth with interrogatories to identify a medical expert, and Stallworth never filed sworn answers to those interrogatories.  Instead, Stallworth served unsigned and unsworn interrogatory answers by facsimile and mail subsequent to the filings on summary judgment.  The trial judge also based his decision on the fact that Stallworth acquired records of her condition and had notice of a possible claim as early as March of 2002, and retained counsel in April of 2002.  The trial court also stated Stallworth's attorney's affidavit filed on October 22, 2004, was not compliant with the rules requesting the supplementation of the answers to the interrogatories and did not excuse Stallworth from having an expert to support her claim.

¶11.    Based on these facts, we cannot say the trial judge abused his discretion when he denied Stallworth's request for an additional thirty days to obtain a medical expert's affidavit.  Rule 56(f) is not designed to protect litigants who are lazy or dilatory. ***In re Last Will and***

5

*Testament of Smith*, 910 So. 2d 562, 570 (Miss. 2005) (citing *Marx v. Truck Renting & Leasing Ass'n, Inc*., 520 So. 2d 1333, 1344 (Miss. 1987)). We find Stallworth had ample time to locate a medical expert to assist with her claim. Therefore, we find the trial court's grant of summary judgment to the Doctors was proper.

II. **Whether under Section 15-1-36, Stallworth's Suit Is Barred by the Statute of Limitations**.

III. **Whether under Section 15-1-36, Stallworth Gave Proper Notice of Her Intent to Sue.**

¶12. Because we find the trial court's grant of summary judgment based on Stallworth's failure to procure an expert witness is proper, we decline to discuss the remaining issues.

## CONCLUSION

¶13. This Court finds the trial judge properly ruled on the Doctors' motion for summary judgment by dismissing Stallworth's case. We hold the trial court properly dismissed Stallworth's May 18, 2004, suit for failure to designate an expert witness. Motion for summary judgment in favor of the Doctors is affirmed.

¶14. **AFFIRMED.**

**WALLER AND COBB, P.JJ., AND CARLSON, J., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, EASLEY AND DICKINSON, JJ., NOT PARTICIPATING.**