IRVING, J.,
for the Court.
¶ 1. Michael Moms and Claire Morris (the Morrises), husband and wife, sued Ford Motor Company (Ford), Texas Instruments, Inc. (TI), and Tom Wimberly Auto World, Inc. (Wimberly)[1] after a malfunction in the Morrises’ Lincoln Town Car allegedly caused the car to catch on fire, resulting in the burning of their home. After discovery, Ford filed a motion for summary judgment which the Madison County Circuit Court granted “on behalf of all Appellees.” The Morrises appeal and contend that summary judgment is not proper when “Defendants have engaged in acts of negligence and Plaintiffs have suffered severe and substantial mental and emotional distress as a result.”
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On February 23,1999, Claire parked her 1993 Lincoln Town Car in her garage and went inside her house. Shortly thereafter, while the vehicle was parked and turned off, the Towncar caught fire. The fire spread to other parts of the garage and destroyed the Morrises’ second car. The fire also spread into the kitchen and living room of the house. After she became aware of the fire, Claire went outside and watched as her house burned. The smoke damage throughout the house was extensive, and the Morrises were forced to vacate their home for several months after the fire.
¶ 4. All the experts who were asked to analyze the cause of the fire agreed that the Towncar was the probable source of the fire. The experts found that the most likely cause of the fire was a defective speed control deactivation switch, which probably overheated and ignited. The Morrises’ insurance company paid for the damage to their home and possessions.[2] Claire’s medical records indicate that she suffered from depression and other emotional problems after the fire, and she *435 eventually attempted to commit suicide on February 21, 2001. Additional facts, as necessary, will be related in the analysis section of this opinion.
ANALYSIS AND DISCUSSION OF THE ISSUE

Standard ofRevieiv

¶ 5. We apply a de novo standard of review to a grant of summary judgment. Stallworth v. Sanford, 921 So.2d 340, 341(¶ 5) (Miss.2006) (citing Davis v. Hoss, 869 So.2d 397, 401(¶ 10) (Miss.2004)). Summary judgment is proper only when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.” Id. (quoting M.R.C.P. 56(c)). We review evidence in “the light most favorable to the party opposing the motion.” Id. (quoting Davis, 869 So.2d at 401(¶ 10)). The burden of proving that no genuine issue of material fact exists “is placed on the moving party.” Id. (citing Davis, 869 So.2d at 401(¶ 10)).

Propriety of Summary Judgment

¶ 6. The Morrises claim that the court’s grant of summary judgment was in error because the Appellees “engaged in acts of negligence and [they] have suffered severe emotional distress as a result.” The Ap-pellees contend that the Morrises cannot recover because Mississippi does not allow for recovery of mental damages arising from a negligent action unless the Mor-rises are able to show “demonstrative physical harm.”
¶ 7. As recognized by both parties, there are two lines of Mississippi cases addressing the issue of recovery for mental damages in a negligence action. The first line holds that mental damages may only be recovered when there is an accompanying physical harm. See, e.g., Am. Bankers' Ins. Co. of Fla. v. Wells, 819 So.2d 1196, 1209 (¶¶ 43-45) (Miss.2001). The second line of cases holds that mental damages may be recovered in a negligence action simply upon a showing that the harm was “reasonably foreseeable.” Adams v. U.S. Homecrafters, Inc., 744 So.2d 736, 744 (¶¶ 20-21) (Miss.1999) (quoting Strickland v. Rossini, 589 So.2d 1268, 1275 (Miss. 1991)). The Appellees contend that the first line of cases, as represented by American Bankers, is the controlling law in Mississippi. Consequently, the Appellees argue that the Morrises are required to show physical harm to recover for their emotional injuries. The Morrises contend that the second line of cases is applicable, and that they are required only to show that the Appellees’ conduct was reasonably foreseeable.
¶ 8. We decline to attempt to determine which line of cases is the current prevailing law in Mississippi, as that is a task better suited to the Mississippi Supreme Court. We do note, however, the court’s language in American Bankers: “We have applied the line of cases adopting the more restrictive majority view in the most recent holdings on this issue.... ” American Bankers, 819 So.2d at 1209(¶ 43). As an indication of the confusion surrounding this issue, the court then went on to say: “the cases applying the minority view have not been overruled.” Id. Since we find other grounds on which summary judgment was properly granted, we need not determine which of the two lines of cases is controlling.
¶ 9. We find that summary judgment in this case was properly granted, regardless of which line of cases applies, because, in responding to the Appellees’ motion for summary judgment, the Mor-rises failed to show a genuine issue of fact in regards to whether the injuries they *436 suffered were foreseeable to the Appellees. The only evidence offered by the Morrises was a National Highway Transportation Safety Administration (NHTSA) investigation that ultimately led to Ford’s issuance of a recall due to the faulty speed control deactivation switch. However, the NHTSA investigation was only begun in October 1998, approximately four months before the Town Car combusted. The investigation was not completed until several months after the fire, at which time Ford issued its recall. No other evidence whatsoever was presented by the Morrises indicating that any of the Appellees were even aware of a problem with the vehicle. No specific examples were provided demonstrating other instances in which Ford vehicles had spontaneously combusted. No reports were submitted indicating that there was a proven and known problem with the vehicles.
¶ 10. The elements that a plaintiff is required to prove in a negligence action are well-established: “A plaintiff in a negligence suit must prove by a preponderance of the evidence (1) duty, (2) breach of duty, (3) causation, and (4) injury.” Patterson v. Liberty Assoc’s, L.P., 910 So.2d 1014, 1019(¶ 14) (Miss.2004) (citing Miss. Dep’t of Transp. v. Cargile, 847 So.2d 258, 262(¶ 11) (Miss.2003)). The Patterson court went on to explain that “foreseeability is an essential element of both duty and causation.” Id. (quoting Delahoussaye v. Mary Mahoney’s, Inc., 783 So.2d 666, 671(¶ 13) (Miss.2001)). Therefore, since the Morrises failed to present a genuine issue of material fact regarding an essential element of their claim, summary judgment was properly granted. See Williams v. Bennett, 921 So.2d 1269, 1272(¶ 10) (Miss.2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); Gorman-Rupp Co. v. Hall, 908 So.2d 749, 757(¶ 25) (Miss.2005) (citing Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987)). Since no genuine issue of material fact was presented regarding foreseeability, no error occurred and summary judgment was properly granted.
¶ 11. The dissent contends that, in so holding, we are “ambushing” the Mor-rises, because the Appellees “did not raise the issue of Appellee’s prior knowledge of the existence of a product defect in then-motion for summary judgment.” We respectfully disagree. The record reflects that in their motion for summary judgment, the Appellees incorporated, by reference, the contents of their trial brief which was filed with and in support of the motion. In the trial brief, the Appellees stated: “Plaintiffs make numerous allegations in their Complaint that Ford (and other Defendants) had actual knowledge of an alleged defect ... and concealed its knowledge of the alleged defects .... ” (emphasis added). The Appellees at that time even pointed out that “despite the fact that this case has been pending for four years and Plaintiffs have had ample time for discovery, Plaintiffs have not produced, and cannot produce, any evidence to support these allegations [that the Ap-pellees had prior knowledge of the defect].” The Appellees clearly indicated in their brief in support of summary judgment that the question of whether Ford and the other Appellees had prior knowledge of the defect was a necessary element of the Morrises’ claim for intentional infliction of emotional distress. Despite being warned in the Appellee’s trial brief of their failure to produce any evidence as to Ford’s prior knowledge of the defect, the Morrises still did not produce any evidence regarding whether the Appellees knew of the alleged defect.
¶ 12. The dissent then contends that even if the Appellees did raise the *437 issue of foreseeability, “the record is sufficient to survive a motion for summary judgment.” The dissent argues that the record is sufficient to survive summary judgment under either of the previously-discussed lines of cases. However, we do not see how either line of cases provides for recovery in the absence of a showing that the Appellees had some prior knowledge of the defect that caused the fire. Regardless of which line of cases applies, the underlying action that the Morrises must succeed on is a claim of negligence. As we have already discussed, a necessary showing to succeed on a negligence claim is that the harm suffered was foreseeable to the Appellees.[3]
¶ 13. The dissent claims that we incorrectly focus on the “foreseeability of the defect” instead of the “foreseeability of harm.” However, we do not see how these two can be separated in any meaningful way. If the defect was not foreseeable or known to the Appellees, then the harm flowing from the defect also was not foreseeable. The dissent also points out that the Morrises did produce an expert, Steve Shephard, who claimed that the defect in question was foreseeable to the Appellees. However, we note that Shephard’s affidavit contains no basis for his statement that “[t]he make and model automobile in question experienced very numerous [sic] fires similar to the one in question between 1992 and 1999.” Despite making this statement and then asserting that Ford knew about the defect and did nothing, Shephard points to not even one example of another fire between 1992 and 1999. He cites “[vjarious records of the Office of Defects Investigation and the National Highway Traffic Safety Administration applicable to Ford make and model vehicles” and “[r]ecords of the Center for Automobile Safety applicable to the Lincoln Town Car and other Ford makes and models,” but declines to discuss how these documents support his opinion. Shephard’s affidavit, while it claims that Ford knew of the defect prior to the NHTSA investigation, provides no support whatsoever for that statement. In fact, the affidavit in question was stricken by the court upon motion from the Appellees. The court specifically found that “[the affidavit does] not contain any testimony that would be admissible evidence at trial.” Therefore, Shephard’s affidavit cannot serve to create a genuine issue of material fact as to whether the defect was foreseeable to the Appellees.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE, P.J., AND ISHEE, J., CONCUR. ■ SOUTHWICK, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., CHANDLER AND BARNES, JJ. GRIFFIS, J., NOT PARTICIPATING.

. For clarity of understanding, the Defendants in the court below will be referred to in the collective as "the Appellees” except in direct quotations. In such instances, the name designation employed by the author of the quotation will be utilized.

. The Morrises sued Ford and the other Ap-pellees, seeking compensation for damage to their property and home and contending that their insurance company had failed to adequately compensate them for their loss. Ford contended in its motion for summary judgment that the Morrises could not recover those damages because they had already been paid by the insurance company. The Mor-rises apparently concede this in their appeal, because they allege only that the summary judgment was improper in regard to emotional and mental damages.

. Although the Morrises focus only on their negligence claims in their appeal brief, we note that they also cannot succeed on a claim of intentional infliction of emotional distress. Intentional infliction of emotional distress requires "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless” behavior on the part of a defendant. Cmty. Bank, Ellisville, Miss. v. Courtney, 884 So.2d 767, 775(¶ 28) (Miss.2004) (citations omitted). In the absence of a showing that the Appellees were aware of the defect or that the defect was foreseeable, the Appellees' behavior could not have been "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless.” Therefore, the Morrises also cannot succeed on a claim of intentional infliction of emotional distress without a showing that the Appellees were aware of the defect or that the defect was foreseeable.