BARNES, J.,
 

 for the Court.
 

 ¶ 1. Glen D. Jackson appeals the judgment of the Circuit Court of Union County, Mississippi, which granted summary judgment in favor of Richard Chism d/b/a Chism Logging and Charles Carter, individually and in his capacity as a registered forester and d/b/a Mid-South Forestry, Inc. Jackson has filed suit against them and other unknown defendants based on the wrongful cutting and removal of timber from his property. On appeal, Jackson argues that the circuit court erred in granting the motion for summary judgment on the grounds that Jackson’s claim is barred by the applicable statute of limitations, as set forth in Mississippi Code Annotated section 95-5-29 (Rev.2004). We conclude that section 95-5-29 bars this cause of action in its entirety. Accordingly, we affirm the trial court’s judgment in favor of the Appellees.
 

 STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The facts of this case are undisputed. On October 30, 2001, Chism d/b/a Chism Logging entered into a contract with Carter d/b/a Mid-South Forestry and Louie Wages for the harvesting of timber from property owned by Wages in Union County, Mississippi. Wages’s property is adjacent to the property owned by Jackson.
 
 [1]
 
 Chism harvested all of the timber
 
 *504
 
 that had been pre-marked by Carter and utilized the boundaries that Wages provided regarding the harvesting that was to take place. On November 15, 2001, Chism completed the harvesting of timber from Wages’s property.
 

 ¶ 3. On or about April 18, 2007, while traversing his property with his brothers, Jackson discovered that an estimated twelve acres of timber had been harvested from his land without his knowledge or permission. The land was not used as a residence, and the acreage that was harvested is not visible from any public road.
 

 ¶ 4. On June 29, 2007, approximately five and one-half years after the alleged cutting, Jackson filed suit against Chism and Carter seeking damages pursuant to Mississippi Code Annotated section 95-5-10 (Rev.2004) for the alleged unlawful removal of trees from his property. After some discovery was completed, Chism and Carter moved the circuit court for summary judgment, arguing that the governing statute of limitations, section 95-5-29, operated to bar Jackson’s recovery since he failed to file suit within twenty-four months from the time the injury was committed. Jackson responded to the summary judgment motion arguing that the “discovery rule” should apply in this case to toll the statute of limitations until he could have discovered the unlawful harvesting of trees from his land. The circuit court granted the Appellees’ motion for summary judgment, and Jackson filed the present appeal.
 

 STANDARD OF REVIEW
 

 ¶ 5. The Mississippi Supreme Court has consistently held that review of summary judgment is de novo.
 
 PPG Architectural Finishes, Inc. v. Lowery,
 
 909 So.2d 47, 49(¶ 8) (Miss.2005) (citing
 
 Hurdle v. Holloway,
 
 848 So.2d 183, 185(¶4) (Miss.2003)). A summary judgment motion is properly granted only when no genuine issue of material fact exists.
 
 Lowery,
 
 909 So.2d at 49(¶ 8); M.R.C.P. 56(c). The moving party has the burden of demonstrating that no genuine issue of material fact exists within the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and that he is entitled to judgment as a matter of law.
 
 Lowery
 
 at 49(¶ 8);
 
 see also Davis v. Hoss,
 
 869 So.2d 397, 401(¶ 10) (Miss.2004) (noting that the court should review all evidence available to it when making its decision).
 

 DISCUSSION
 

 ¶ 6. Jackson’s issue on appeal concerns the application and interpretation of section 95-5-29, which addresses the period of limitations of a timber trespass claim governed by section 95-5-10. The Mississippi Supreme Court has determined that section 95-5-10 is the exclusive remedy for “cutting trees without consent.”
 
 Stockstill v. Gammill,
 
 943 So.2d 35, 49 (¶ 24) (Miss.2006);
 
 McCain v. Memphis Hardwood Flooring Co.,
 
 725 So.2d 788, 791(¶10) (Miss.1998) (overruled on other grounds). The code section that governs the time limit for filing a claim under section 95-5-10 is section 95-5-29, which provides that:
 

 An action for the remedies and penalties provided by Section 95-5-10 may be prosecuted in any court of competent jurisdiction within twenty-four (21) months from the time the injury was committed and not after.
 
 All other actions for any specific penalty given by this chapter may be prosecuted in any court of competent jurisdiction within twelve (12) months from the time the injury was committed, and not after; and a recovery of any penalty herein
 
 *505
 
 given shall not be a bar to any action for further damages, or to any criminal prosecution for any such offense as herein enumerated. A party, if he so elect[s], may, under any of the provisions of this chapter, claim less than the penalty given.
 

 (Emphasis added). While it is undisputed that Jackson failed to file his cause of action within twenty-four months from the time of the injury, he argues that the discovery rule applies to his injury and operates to toll the twenty-four-month limitations period until he knew or reasonably should have known about the damage or trespass to his property.
 

 ¶ 7. For the reasons set forth below, we find that application of the discovery rule to the case at bar would be inconsistent with the existing case law on claims of timber trespass. As a general rule, a plaintiffs ignorance of his injury and its potential cause of action does not operate to toll the statute of limitations; although, under certain circumstances, the “discovery rule” may be applied when a cause of action does not accrue until a plaintiff knows or reasonably should have known of his injury. Thomas B. Walter,
 
 Mississippi Limitations of Actions,
 
 § 2:05.1 (2009-2010 ed.2008). Some Mississippi statutes of limitation have an express provision for application of the discovery rule; however, if the discovery rule is not expressly provided for, Mississippi courts have imputed the rule in eases of latent injury.
 
 Id.
 
 (citing
 
 Barnes v. Singing River Hosp. Sys.,
 
 733 So.2d 199, 205(¶ 16) (Miss.1999) (application of discovery rule to a Mississippi Tort Claims Act cases involving latent injuries)).
 

 ¶ 8. A latent injury is defined as one where the plaintiff is “precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question ... [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.”
 
 Lowery,
 
 909 So.2d at 50(¶ 12) (citing
 
 Donald v. Amoco Prod. Co.,
 
 735 So.2d 161, 168(¶ 18) (Miss.1999)). “The term ‘latent injury’ while seemingly vague does have definitive boundaries .... [but][b]ecause there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonable [sic] should have known that an injury existed.”
 
 Id.
 
 at 51(¶ 14). Accordingly, “if a latent injury is not present, the discovery rule would not apply.”
 
 Id.
 
 at 50(¶ 11).
 

 ¶ 9. The Appellees rely on
 
 McCain
 
 for the proposition that the discovery rule does not apply in timber trespass cases. In
 
 McCain,
 
 the plaintiffs filed suit against Memphis Hardwood for cutting trees and removing timber from the plaintiffs property without consent. The McCains testified that they did not learn of the timber trespass until over two years after the trees had been cut. They contended that the statute of limitations should not have run until they knew or should have known of the damage or trespass to their trees. The Mississippi Supreme Court stated:
 

 This Court has applied the discovery rule where the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscov-erable nature of the wrongdoing in question .... [a]n owner of trees requires no unique expertise to realize when his trees have been taken without his permission. Neither is the taking of such trees without consent of an owner a secretive or inherently undiscoverable act which justifies the discovery rule. Thus, application of a judge-made discovery rule would be inappropriate in the instant case.
 

 McCain,
 
 725 So.2d at 794(¶ 23).
 

 ¶ 10. Jackson contends that
 
 Punzo v. Jackson County,
 
 861 So.2d 340 (Miss.2003)
 
 *506
 
 stands for the proposition that the discovery rule is applicable to all property cases including timber trespass cases such as his own. He further argues that
 
 Punzo
 
 overrules
 
 McCain
 
 because a careful reading of
 
 McCain
 
 indicates that applying the discovery rule is only inappropriate for the precise issues and facts presented in
 
 McCain,
 
 rather than all timber trespass cases. We find that Jackson’s interpretation of
 
 Punzo
 
 significantly overstates its holding, as
 
 Punzo
 
 does not operate to overrule
 
 McCain.
 

 ¶ 11. In
 
 Punzo,
 
 the supreme court applied the discovery rule to toll the twelvemonth statute of limitations of the Mississippi Tort Claims Act.
 
 Id.
 
 at 348(¶ 30). Punzo suffered extensive flood damage to his home over three years after Jackson County had negligently altered a nearby bridge.
 
 Id.
 
 at 343(¶ 5). When Punzo discovered that the negligent alteration of the bridge was the cause of the flooding, he properly filed a complaint against the County.
 
 Id.
 
 at 346(¶ 21). The circuit court granted the County’s motion for summary judgment finding that the statute of limitations had run on Punzo’s claim, and Punzo appealed. The supreme court held that the discovery rule should apply to Punzo’s cause of action because water flow and flood currents are subjects requiring expert knowledge to comprehend fully.
 
 Id.
 
 The supreme court further stated that “the discovery exception may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.”
 
 Id.
 

 ¶ 12. This Court recognized the limited applicability of the
 
 Punzo
 
 discovery exception in
 
 Sims v. Bear Creek Water Association,
 
 923 So.2d 230, 233(¶ 11) (Miss.Ct.App.2005) by noting that the discovery exception in
 
 Punzo
 
 applies only to latent injuries that may require expert knowledge to discern that an injury has occurred. In
 
 Sims,
 
 the foundation of plaintiffs’ home and driveway began shifting because of a faulty water main that was keeping the subsoil too moist.
 
 Id.
 
 at 232(¶ 3). The Simses hired a civil engineer who confirmed the existence of the problem with the water system more than three years before they filed suit against Bear Creek Water Association, which was at least partly responsible for the Simses’s injury.
 
 Id.
 
 at 233-34 (¶¶ 11, 14). Unlike the plaintiff in
 
 Punzo,
 
 the Simses knew about the problem with their foundation and its cause at least three years before filing suit.
 
 Id. Accordingly,
 
 this Court refused to apply the discovery rule because the Simses had actual knowledge of the facts that would have allowed them to bring a claim against Bear Creek prior to the expiration of the applicable statute of limitations.
 
 Id.
 
 at 234(¶ 14).
 

 ¶ 13. We find that
 
 Punzo
 
 is easily distinguishable from
 
 McCain
 
 due to the latency of Punzo’s injury which would require unique expertise to perceive the injury and identify the source of the damage. Punzo’s injury stemmed from the negligent alteration of a nearby bridge by Jackson County. Because the negligent alteration was secretive and inherently undiscoverable, it was unrealistic for a layperson, such as Punzo, to identify the source of his injury without unique knowledge or expertise. It was only after a former Jackson County supervisor advised him of the modification to the bridge that he was able to identify the problem and realize that the County was responsible for the flooding.
 
 Punzo,
 
 861 So.2d at 344(¶ 14). Accordingly, Punzo’s injury was latent as defined by
 
 Lowery,
 
 and the discovery rule was properly applied.
 

 ¶ 14. On the other hand, the injury in
 
 McCain
 
 was immediately apparent to McCain merely by his surveying the prop
 
 *507
 
 erty with his naked eye. No unique expertise was necessary for McCain to discover his injury at the time when it occurred; nor was it unrealistic to expect a layperson, such as McCain, to identify the source of his injury. Loss of timber, as opposed to water flow and flood currents, is not secretive or inherently undiscoverable; therefore, it is realistic for a layperson to perceive and identify such an injury. Accordingly, the court in
 
 McCain
 
 refused to apply the discovery rule to McCain’s injury-
 

 ¶ 15. Applying
 
 McCain
 
 to the instant case, we find it clear that the injury to Jackson’s property is not latent since it does not require unique expertise to perceive or identify the injury or its source; and it is not unrealistic to expect a layperson to identify the injury or the source of the injury. The fact that he did not discover the injury until long after it occurred and the statute of limitations had run is of no consequence since the injury was not actually latent. Furthermore, the injury cannot be considered latent based on the inaccessibility of the property, as Jackson claims. On appeal, Jackson cites the dissent in
 
 McCain
 
 for the proposition that “trespass damage on large timber stands ... is the sort of secretive or inherently undiscoverable injury” where the discovery rule should apply.
 
 McCain,
 
 725 So.2d at 796(¶ 35) (McRae, J., dissenting). Jackson argues that because he does not reside on the property, and it is so secluded from public roads, he would have had to walk the property to discover the cutting of his trees, which is not his duty. The
 
 McCain
 
 dissent proposed that “the property owner should not be charged with an affirmative duty to constantly patrol the premises for damages.”
 
 Id.
 
 at 797(¶ 37). However, we cannot accept the dissent’s rationale as a majority of the Mississippi Supreme Court’s justices adopted the rule in
 
 McCain
 
 that the discovery rule would not apply in such situations and rejected the dissent’s conclusions. We find that
 
 McCain
 
 is on all fours with the instant case. Accordingly, application of the discovery rule to Jackson’s time-barred claim is not appropriate. This issue is without merit.
 

 CONCLUSION
 

 ¶ 16. Because “[a]n owner of trees requires no unique expertise to realize when his trees have been taken away without his permission,” and because the cutting and taking away of trees is not a “secretive or inherently undiscoverable act,” application of the discovery rule is inappropriate.
 
 McCain,
 
 725 So.2d at 794(¶23). Therefore, we affirm the judgment of the trial court.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Jackson contends that the property lines between his property and Wages’s property
 
 *504
 
 were marked by a barbed wire fence line and were clearly visible.