# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00955-COA

CONCERNED CITIZENS OF RAVEN WOOD SUBDIVISION, ET AL.

APPELLANTS

v.

PEARL RIVER COUNTY, MISSISSIPPI, A POLITICAL SUBDIVISION OF THE STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2013 |
| TRIAL JUDGE: | HON. PRENTISS GREENE HARRELL |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LEWIE G. NEGROTTO IV |
| | JOHN STEVEN GARNER |
| | TODD GREGORY CRAWFORD |
| | MICHAEL JAMES THOMPSON JR. |
| | MATTHEW JAMES CRITTENDEN |
| ATTORNEY FOR APPELLEE: | JOSEPH H. MONTGOMERY |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT TO APPELLEE |
| DISPOSITION: | AFFIRMED: 12/16/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     This dispute concerns construction occurring on and around five acres of land owned by Pearl River County. The construction was undertaken by a third-party adjacent landowner that had an ingress/egress easement over the County property. The plaintiffs, residents of an adjoining subdivision (Raven Wood), contended that the construction was illegal for a variety of reasons and that it was exacerbating flooding problems on their properties. They

filed suit against the County to enjoin the construction and for writs of mandamus to compel the County to do a number of different things.

¶2. The circuit court granted summary judgment to the County, and, as the residents have not shown that to be in error, we affirm.

## STANDARD OF REVIEW

¶3. "We employ a de novo standard of review of a trial court's grant or denial of summary judgment and examine all the evidentiary matters before it . . . ." *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).

¶4. "The evidence is viewed in the light most favorable to the party opposing the motion." *Davis*, 869 So. 2d at 401 (¶10). "[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). Furthermore:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway v. Travelers Ins. Co.*, 515 So. 2d 678, 684 (Miss. 1987).

## DISCUSSION

### 1. FEMA Covenant

2

¶5.     Construction of the Raven Wood subdivision began in 1998. The developers diverted a stream called Alligator Branch to the east, away from the subdivision, and some filling was done to raise the subdivision; but the residents contend it has nonetheless had persistent drainage issues.  They allege that these problems have been exacerbated by nearby construction – initially, the construction of an industrial facility itself to the north and northeast, but on appeal the litigation seems to have centered on a multi-track railroad spur to provide access to the industrial facility.[1]  The spur is not specifically mentioned in the complaint and its construction seems to have begun after the complaint was filed.

¶6.     The railroad spur will run parallel to existing tracks, in a north/south direction.  Most of it would be located on the same property as the industrial facility, but a portion would cross the five-acre parcel to the east of Raven Wood.  The parcel is owned by Pearl River County, burdened by an easement in favor of the industrial facility for ingress and egress to its property.  The easement is sixty feet wide and is bordered on the east by the existing railroad tracks.

¶7.     The five acres was originally a private mobile home park, but in 2004 the County acquired it through a hazard mitigation grant from the Federal Emergency Management Agency (FEMA).  The house trailers were removed and the land was made subject to a

---

[1] The industrial facility refines sand used for hydraulic fracturing and is referred to by the parties as the "Sand Frac plant."  It appears that most of the construction that is the subject of the complaint was occurring on the adjacent industrial property and not on the County's five acres, though the ingress/egress easement was being used to transport materials, and the County admits that some part of its property had been used as a "temporary staging area" where dirt and rocks were stored.

restrictive "FEMA covenant" that it be maintained as perpetual open space. The deed to the County, however, was subject to existing easements, including the easement for access to the industrial property.

¶8.     The County has taken the position that the railroad spur is being constructed by the industrial facility on the ingress/egress easement and that the County cannot interfere. The residents argue that there is a genuine issue of material fact as to the scope of the easement. They invite this Court to explore its language, the circumstances around which it was granted, and the intent of the original grantor; but at no point do they explain how this is a question of *material* fact. They seem to assume that the FEMA covenant, which required the five acres be maintained as perpetual open space, prohibits the construction of the railroad spur if it is outside the scope of the ingress/egress easement. But there is no explanation of how it relates to this litigation. Do the residents claim a right to enforce the covenant held by FEMA? That the County has some ministerial duty to obey the covenant even if FEMA sits on its rights? We do not mean to suggest the answer to either of these questions, but the residents have not presented any theory entitling them to relief based on the covenant held by FEMA.

¶9.     Moreover, the residents repeatedly complain that the County is carrying water for the developers of the industrial property, but they named only the County as a party to their lawsuit. The residents ignore the question of whether FEMA and the adjacent landowners are necessary parties to a dispute over their respective rights. *See* M.R.C.P. 19(a).

¶10.    To defeat the County's motion for summary judgment, the residents must show a

4

genuine issue of material fact. M.R.C.P. 56(c). But since they have never articulated a cause of action, this Court cannot find that the issue of fact suggested by the residents is material. It is axiomatic that the trial court's judgment is presumed to be correct and that the appellant bears the burden of showing reversible error in the court below. *See, e.g., Birkhead v. State*, 57 So. 3d 1223, 1231 (¶28) (Miss. 2011). We find that no reversible error has been shown in the residents' first issue.

### 2. The County Flood Ordinance

¶11. In their second issue, the residents contend that the County violated its own Flood Damage Prevention Ordinance. The claim apparently is that the County issued permits without requiring the developer to submit applications, and the argument seems to be in support of the residents' claim for a mandamus; but briefing is cursory and the residents offer only one sentence for factual support: "There is nothing in the record to show [the developer] submitted proper permits prior to beginning any work and the Flood Ordinance process was followed." This is a mistaken attempt to place the burden of proof on the County. Instead:

> [W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.

*Galloway*, 515 So. 2d at 684.

¶12. The fact that the applications are not found in the record is not proof they were not properly submitted pursuant to the ordinance. This issue is without merit.

### 3. Evidentiary Objections

5

¶13. In their final issue, the residents contend that there is a "genuine issue of material fact" as to whether the trial court erred in denying (or just not ruling upon) their blanket objection to the exhibits offered by the County. The residents appear to misunderstand the nature of a genuine issue of material fact – it is not the evidentiary ruling but the underlying issues of fact that are determinative. Moreover, an evidentiary ruling, in and of itself, cannot be reversible error. *See* M.R.E. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . .").

¶14. In their brief on appeal, the residents identify two specific pieces of evidence that they claim should not have been considered, but in neither instance do they complete the argument by showing that, had the court ruled as they say it should have, there would have been a genuine issue of material fact sufficient to defeat summary judgment. This issue is without merit.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE OPINION.**