# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-01037-COA

SCOTT BLACKWELL                                                    APPELLANT

v.

BETSY REED                                                          APPELLEE

DATE OF JUDGMENT:              09/08/2022
TRIAL JUDGE:                   HON. SHEILA HAVARD SMALLWOOD
COURT FROM WHICH APPEALED:     MARION COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:        SCOTT BLACKWELL (PRO SE)
ATTORNEY FOR APPELLEE:         LEIGH KENNINGTON BERRY
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
DISPOSITION:                   AFFIRMED - 03/12/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., GREENLEE AND McCARTY, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    In 2009, the Marion County Chancery Court granted Scott Blackwell and Betsy Reed an irreconcilable differences divorce and ordered Blackwell to pay Reed periodic alimony in the amount of $800 per month.  In 2021, Blackwell filed a complaint to terminate or reduce alimony, which the chancellor denied following a trial.  Blackwell appealed, but his two-page pro se brief fails to cite any legal authority or relevant parts of the record or develop any meaningful argument.  For these reasons, his argument that the chancellor erred is procedurally barred.  Procedural bar notwithstanding, the chancellor did not err by denying Blackwell's request to terminate or modify alimony.  Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    Blackwell and Reed were married in 1994 and divorced in 2009.  The final judgment

ordered Blackwell to pay rehabilitative alimony of $2,000 per month for eighteen months and periodic alimony of $800 per month thereafter. In 2016, Blackwell filed a complaint to terminate or reduce alimony, which the court denied.

¶3. In November 2021, Blackwell filed another complaint to terminate or reduce alimony. In December 2021, the chancellor temporarily reduced Blackwell's obligation to $400 per month based on Blackwell's representation that he had been "laid off" and could not afford his alimony payment.

¶4. A one-day trial was held in May 2022. Blackwell, who had worked as a drilling consultant for various oil companies since the parties' divorce, testified that he had retired from ConocoPhillips a "couple of weeks" prior to trial. Blackwell claimed that his only income going forward would be a monthly Social Security retirement benefit of $2,356. Blackwell stated that even with his current wife's income[1] he could no longer afford to pay their own expenses and alimony. Blackwell testified that he had to retire because his knees were "bad," and he could no longer do the work; however, he offered no other evidence to corroborate his testimony. Blackwell testified that he had earned over $47,000 in his consulting business during November 2021, but then he was "laid off."

¶5. When questioned by the chancellor,[2] Blackwell admitted that his bank records showed that he earned $13,450 in December 2021; $36,000 in January 2022; $25,000 in February

---

[1] Blackwell testified that his current wife is employed, but there is no evidence as to where she was employed or how much she earned.

[2] Blackwell was represented by counsel at trial, while Reed represented herself. On appeal, Blackwell is pro se, while Reed is now represented by counsel.

2022; $15,000 in March 2022; and $56,000 in April 2022.[3]  Blackwell also admitted that these figures were "correct."  The chancellor asked Blackwell why he claimed that he had been "laid off" in December 2021.  Blackwell testified he had been "laid off at different times" but was called back to work later.

¶6.     Reed testified that her only income other than alimony is her monthly Social Security retirement benefit of $1,178.  She testified that she is not employed because she lives with and cares for her mother, who is in poor health.

¶7.     Following the trial, the chancellor entered an opinion and final judgment.  The chancellor emphasized that Blackwell continued to earn significant income after he claimed to have been "laid off" and unable to pay alimony.  The chancellor stated,

> It's troubling that [Blackwell] claimed he was laid off and the [c]ourt reduced his alimony by 50% in December 2021 and yet . . . he deposited $13,450 for consulting services that month.  It is also troubling that [Blackwell's] financial disclosure shows payments for a tractor, a dozer and a camper that exceed the amount of the very alimony payment he is attempting to terminate.
> . . . .
> The nondisclosure of . . . significant income by [Blackwell] is troubling. The [c]ourt reduced the alimony obligation by half . . . under the mistaken belief that [Blackwell] was laid off and unable to pay his alimony obligation.  In fact, [Blackwell] averaged $32,453 per month for the six months before the trial.

The chancellor found there had been a material change in circumstances because both parties had begun drawing Social Security benefits, but after considering the *Armstrong* factors,[4] the

---

[3] These records were admitted into evidence at trial, but Blackwell failed to include these records and other exhibits in the record on appeal.  "It is the appellant's duty to see that all matters necessary to his appeal, such as exhibits, witnesses' testimony, and so forth, are included in the record . . . ."  *Scott v. Rouse*, 348 So. 3d 345, 349 (¶14) (Miss. Ct. App. 2022) (quoting *Branch v. State*, 347 So. 2d 957, 958 (Miss. 1977)).

[4] *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993).

3

chancellor found that no modification of alimony was warranted. Accordingly, the chancellor denied Blackwell's complaint to terminate or reduce his alimony and reinstated his obligation to pay $800 per month. Blackwell filed a notice of appeal.

## ANALYSIS

¶8. Blackwell argues that the chancellor erred by declining to terminate or reduce his alimony. However, Blackwell's argument is procedurally barred and without merit.

¶9. To begin with, Blackwell's two-page brief fails to cite any legal authority or parts of the record on which he relies. Mississippi Rule of Appellate Procedure 28(a)(7) provides that the appellant's brief "shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on." "Arguments that do not comply with the rule are procedurally barred." *Reading v. Reading*, 350 So. 3d 1195, 1199 (¶19) (Miss. Ct. App. 2022); *see also, e.g.*, *Home Solutions of Miss. LLC v. Ridge*, 301 So. 3d 670, 677 (¶25) (Miss. Ct. App. 2020) (holding that appellants waived their argument on appeal by failing to cite any relevant parts of the record), *cert. denied*, 302 So. 3d 647 (Miss. 2020); *Doss v. Claiborne Cnty. Bd. of Supervisors*, 230 So. 3d 1100, 1104 (¶10) (Miss. Ct. App. 2017) ("In the absence of meaningful argument and citation of authority, an appellate court generally will not consider an assignment of error. A cursory argument without further reason or explanation is inadequate." (citation, quotation marks, brackets, and ellipsis omitted)); *Concerned Citizens of Raven Wood Subdivision v. Pearl River County*, 172 So. 3d 1234, 1236 (¶10) (Miss. Ct. App. 2014) ("It is axiomatic that the trial court's judgment is presumed to be correct and that

4

the appellant bears the burden of showing reversible error in the court below.").

¶10. Procedural bar notwithstanding, the chancellor did not err by denying Blackwell's request to terminate or modify his alimony. We will reverse such a ruling only if the chancellor manifestly erred or abused her discretion. *Peterson v. Peterson*, 129 So. 3d 255, 257 (¶5) (Miss. Ct. App. 2013). The party seeking a modification of alimony has the burden to prove that there has been an "unanticipated" and material change of circumstances since alimony was awarded. *Id.* at (¶7). If the chancellor finds that an unanticipated and material change in circumstances has occurred, the chancellor should then consider the *Armstrong* factors to determine whether to modify alimony and the appropriate amount of alimony. *Id.* Here, the chancellor thoroughly examined each of the *Armstrong* factors before determining that no modification was warranted. The chancellor emphasized that although Blackwell claimed he had been "laid off" and could not pay alimony as of December 2021, he actually earned over $32,000 per month during the next six months leading up to the May 2022 trial. The chancellor also noted that Blackwell had incurred unnecessary expenses, such as the purchase of a camper and a dozer, and Blackwell testified that he "plan[ned] on selling a bunch of that stuff." The chancellor considered the totality of the relevant circumstances, addressed the relevant *Armstrong* factors, and did not manifestly err or abuse her discretion by declining to terminate or modify Blackwell's alimony.

## CONCLUSION

¶11. Blackwell's argument on appeal is both procedurally barred and without merit.

¶12. **AFFIRMED.**

5

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**