**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2024-CA-00582-COA**

THE ESTATE OF SHIRLEY PRICE,                                        APPELLANT
DECEASED, AND HER WRONGFUL DEATH
BENEFICIARIES

v.

ST. DOMINIC-JACKSON MEMORIAL                                       APPELLEES
HOSPITAL AND CLC OF JACKSON, LLC
D/B/A PLEASANT HILLS COMMUNITY
LIVING CENTER

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2024 |
| TRIAL JUDGE: | HON. JAMES D. BELL |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | BRANDON ISAAC DORSEY |
| ATTORNEYS FOR APPELLEES: | JOHN ERNEST WADE JR. |
| | JOHN G. WHEELER |
| | AMANDA LANE BURCH |
| | ROBERT LANE BOBO |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 11/25/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1. The circuit court dismissed the complaint in this medical malpractice case for two independent reasons, finding (1) that the statute of limitations barred the complaint and (2) that the suit was an impermissible duplicative action. On appeal, plaintiff Shirley Price[1]

---

[1] Price died in 2023, and her estate was substituted as a party. For ease of reference, we refer to the plaintiff as "Price" throughout the opinion.

argues that the statute of limitations does not bar her claims and that the defendants waived that defense by failing to timely pursue it. However, Price completely fails to address the fact that the circuit court also dismissed the complaint because it violated the prohibition on duplicative actions. Indeed, even after the defendants raised that issue in their appellate briefs, Price again failed to address the issue in her reply brief. Because Price fails to show that the circuit court erred by dismissing her complaint as a duplicative action, we affirm on that ground without addressing the statute of limitations.

## PROCEDURAL HISTORY

¶2. Price alleges that in August 2015, while she was being treated at St. Dominic-Jackson Memorial Hospital, she developed a bedsore due to the negligence of St. Dominic's staff. Price was transferred to CLC of Jackson LLC d/b/a Pleasant Hills Community Living Center (Pleasant Hills), where she alleges that her bedsore worsened due to the negligence of Pleasant Hills's staff.

¶3. In August 2017, Price served notice of her claim on St. Dominic and Pleasant Hills pursuant to Mississippi Code Annotated section 15-1-36(15) (Rev. 2019). In October 2017, Price filed a medical malpractice complaint against St. Dominic and Pleasant Hills in the Hinds County Circuit Court. However, Price never requested a summons from the clerk or served either defendant. That case (No. 1:17-cv-590) has never been dismissed.

¶4. In February 2018, Price commenced a new action (No. 1:18-cv-75) by filing a virtually identical complaint against St. Dominic and Pleasant Hills in the Hinds County Circuit Court. In June 2018, Price filed a virtually identical amended complaint in this

2

second action.

¶5. Both defendants answered the amended complaint, and in August 2018, Pleasant Hills filed a motion to compel arbitration and a motion to stay discovery. In September 2018, Price filed a response in opposition to Pleasant Hills's motion to compel arbitration. The docket shows no activity in the case for the next twenty-two months. In July 2020, for reasons the record does not explain, Pleasant Hills withdrew its motion to compel arbitration. In December 2020, Price filed a motion for a scheduling order.

¶6. In July 2021, Pleasant Hills filed a motion to dismiss based on the statute of limitations, Miss. Code Ann. § 15-1-36(1) (Rev. 2019). In response, Price argued, inter alia, that her complaint was timely filed because the statute of limitations was tolled for 120 days after she filed her complaint in Case No. 1:17-cv-590, which she had never served on either defendant. Price also argued that Pleasant Hills waived its statute of limitations defense by not pursuing it in a timely manner. In its rebuttal memorandum, Pleasant Hills argued that the statute of limitations had expired, that it had not waived the defense, and that Price's complaint should also be dismissed because it was an impermissible duplicative action.

¶7. In August 2022, the circuit court granted Pleasant Hills's motion to dismiss based on the statute of limitations. The same day, St. Dominic filed a motion for summary judgment, arguing Price's complaint should be dismissed based on the statute of limitations and because it was an impermissible duplicative action. Within ten days, Price filed a motion to alter or amend the judgment granting Pleasant Hills's motion to dismiss and a response to St. Dominic's motion for summary judgment.

3

¶8. In April 2024, the circuit court entered an opinion and final judgment denying Price's motion to alter or amend the judgment and dismissing her claims against both defendants. The court ruled that the statute of limitations barred the complaint and that the defendants had not waived that defense. The court also dismissed the complaint as an impermissible duplication action, stating that "this case is dismissed because two identical actions cannot be maintained at the same time." Price filed a notice of appeal.

## ANALYSIS

¶9. Price identifies two issues on appeal: (1) whether the statute of limitations bars the complaint, and (2) whether the defendants waived their statute of limitations defense. Price's opening brief altogether fails to address the circuit court's dismissal of her complaint based on the prohibition against duplicative actions.

¶10. Pleasant Hills and St. Dominic argue that the judgment should be affirmed for both reasons given by the circuit court, i.e., the statute of limitations and the prohibition against duplicative actions. Indeed, the defendants both identify the prohibition of duplicative actions as a separate issue in their respective briefs, and St. Dominic further argues that Price waived any claim of error by failing to address the issue in her initial brief.

¶11. In Price's reply brief, she argues (1) that "the circuit court erred in finding that the 2018 complaint was time barred" and (2) "that appellees 'waived' their affirmative defense of statute of limitation." Price's reply brief again fails to acknowledge or address the fact that the circuit court also dismissed her complaint as an impermissible duplicative action.

¶12. "Under Mississippi law, plaintiffs are prohibited from bringing duplicative actions."

4

*Triplett v. S. Hens Inc.*, 238 So. 3d 1128, 1130 (¶12) (Miss. 2018). The Mississippi Supreme Court has "held plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time. And unlike the doctrine of res judicata, a final judgment is not required in order to apply a claim-splitting analysis; rather, the test is whether the first suit, assuming it were final, would preclude the second suit." *Id.* at 1131 (citations, brackets, and quotation marks omitted); *see also Warrington v. Watkins & Eager PLLC*, 371 So. 3d 1277, 1283 (¶¶24-26) (Miss. 2023) (holding that the plaintiff's second suit was not barred because he did not "'*maintain*[] two actions,' as contemplated under the claim-splitting doctrine").

¶13. Despite the circuit court's dismissal of the complaint as an impermissible duplicative action, Price completely failed to address the issue on appeal. By failing to address the issue, Price waived any claim that the court erred by dismissing her complaint on that ground. Indeed, "[i]t is a well-established rule that we will not consider issues raised for the first time in an appellant's reply brief." *Chisholm v. State*, 298 So. 3d 1046, 1050 (¶13) (Miss. Ct. App. 2020) (brackets and quotation marks omitted); *accord, e.g.*, *Biegel v. Gilmer*, 329 So. 3d 431, 434 (¶11) (Miss. 2020). Here, because Price does not address the issue *at all*, she has even more clearly waived any claim of error. "This Court is under no obligation to consider [an] issue beyond the arguments presented, and we decline to do so." *Kansler v. Miss. Dep't of Revenue*, 263 So. 3d 641, 655 (¶40) (Miss. 2018). "It is axiomatic that the trial court's judgment is presumed to be correct and that the appellant bears the burden of showing reversible error in the court below." *Concerned Citizens of Raven Wood Subdiv.*

*v. Pearl River County*, 172 So. 3d 1234, 1236 (¶10) (Miss. Ct. App. 2014). Price fails to meet her burden of showing reversible error in the circuit court's dismissal of her complaint as a duplicative action. Because Price has waived any challenge to the dismissal of the complaint on that ground, we affirm the circuit court's judgment on that ground.[2] Therefore, it is unnecessary to address the statute of limitations or any alleged waiver of that defense.

¶14. **AFFIRMED.**

**CARLTON, P.J., WESTBROOKS, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. LASSITTER ST. PÉ, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, J. BARNES, C.J., AND WEDDLE, J., NOT PARTICIPATING.**

**LASSITTER ST. PÉ, J., SPECIALLY CONCURRING:**

¶15. Although I concur with the majority's well-reasoned opinion, I find it necessary to

---

[2] *See Home Sols. of Miss. LLC v. Ridge*, 301 So. 3d 670, 678 (¶26) (Miss. Ct. App. 2020) (affirming a general verdict in favor of the plaintiff because the defendants only challenged the sufficiency of the evidence to support one theory of recovery and failed to "raise[] or brief[] the [plaintiff's] alternative theory of recovery as an issue [on] appeal"); *see also, e.g.*, *Buckley v. Sec'y of Army*, 97 F.4th 784, 800 (11th Cir. 2024) ("[W]hen a district court bases its order on more than one independent ground, a party must convince us that every stated ground for the judgment against her is incorrect. If she doesn't challenge one or more bases for the district court's ruling, we consider her appeal of that ruling abandoned, and judgment is due to be affirmed." (citation, brackets, and quotation marks omitted)); *LabMD Inc. v. Boback*, 47 F.4th 164, 191 (3d Cir. 2022) ("The failure to challenge an independent basis for a district court's decision is fatal to an appeal."); *City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus. Inc.*, 29 F.4th 802, 815 (6th Cir. 2022) (holding that because the appellants failed to address an "alternative, independent basis" for the district court's dismissal of their complaint, "that ruling stands," and "the merit of the issue they [did] raise [was] irrelevant"); *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, 761 F.3d 409, 439 (5th Cir. 2014) ("When an appellant challenges only one of the district court's alternative holdings, any argument that the alternative holding was in error is waived," and the appeal "necessarily fails."); *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988) (holding that when an "issue constituted an independent ground for dismissal below," the appellant must "raise it to have any chance of prevailing [on] appeal").

address the application of the two-year statute of limitations and the sixty-day notice period of Mississippi Code Annotated section 15-1-36(15) (Rev. 2019), as it is apparent that neither the parties nor the trial court appropriately applied the applicable statutes or caselaw.

¶16.    Price argues that her statute of limitations began to run on August 20, 2015, and aside from any tolling, it expired on August 20, 2017. Price contends that the notice period in section 15-1-36(15) tolled the statute of limitations for sixty days from the expiration of the original statute of limitations, making her deadline to file suit October 20, 2017. Price points out that when she filed her original complaint on October 2, 2017 (with eighteen days remaining in the limitations period based on her calculations), the limitations period was tolled for 120 days in accordance with Rule 4(h). Price asserts that 120 days from October 2, 2017, would have been February 2, 2018,[3] and then argues that she is entitled to add to her deadline the eighteen days remaining on her statute of limitations, giving her a filing deadline of February 20, 2018. Thus, Price essentially argues that Mississippi Rule of Civil Procedure 4(h) and section 15-1-36(15) work together to give her an additional 180 days in which to file her second complaint. As such, she argues that her February 13, 2018, complaint was timely.

¶17.    St. Dominic and Pleasant Hills assert that the statute of limitations for Price's claims expired on October 6, 2017—sixty days after she filed her notice of claim, without regard to the original expiration of the statute of limitations. They argue that Price's notice of her claim did not toll the statute of limitations but, rather, *extended* her deadline sixty days from the

---

[3] We have been unable to determine exactly how Price arrived at this date because 120 days from October 2, 2017, is January 30, 2018.

date of notice, or until October 6, 2017. St. Dominic and Pleasant Hills thus argue that Price's October 2, 2017 complaint was timely by four days because it was filed four days before the notice period ended. Additionally, they agree that after her October 2 filing, the statute of limitations was tolled for 120 days pursuant to Rule 4(h) and that the statute of limitations began to run again on January 30, 2018. St. Dominic argues that Price was entitled to four additional days to refile her complaint because she filed the October 2017 complaint with four days remaining on her sixty-day notice period. Pleasant Hills argues that Price was not entitled to any additional time and that her deadline passed on January 30, 2018. Neither St. Dominic nor Pleasant Hills gives Price any "credit" for the time remaining on the statute of limitations when she filed her notice of suit.

¶18. The circuit court did not agree that Price had until October 20, 2017, to file her first suit but, even accepting Price's argument, found that her math "does not help her with the [February 2018] suit." The circuit court found that the February 2018 suit "commenced long after October 20, 2017," and that it ultimately did not matter: "In any event, this case is dismissed because two identical actions cannot be maintained at the same time."

¶19. Put simply, no one was correct.

¶20. Applying the statutes, Mississippi Rules of Civil Procedure, and caselaw, I would find that Price's February 13, 2018 complaint was timely—even if properly dismissed as a duplicative action. Our resolution of this issue requires a close examination of the Supreme Court's decisions concerning the effect of the sixty-day notice provision on the two-year statute of limitations for medical malpractice lawsuits.

8

¶21.   Mississippi Code Annotated section 15-1-36(15) requires plaintiffs in a medical malpractice action to provide at least sixty days' written notice of their intent to file suit and provides: "If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others." *Id.*

¶22.   The Supreme Court reviewed this issue in *Pope v. Brock*, 912 So. 2d 935 (Miss. 2005). The plaintiff, Pope, served the notice of claim two days before her two-year statute of limitations expired. *Id.* at 936 (¶2). Once the sixty days expired, Pope filed suit. *Id.* The trial court dismissed the complaint, finding it was barred by the statute of limitations. *Id.* at 937 (¶6). In reversing the trial court, the Supreme Court found that section 15-1-36(15) was ambiguous because its language was susceptible to two equally reasonable interpretations. *Id.* at (¶¶8-10).  If the statute was read in isolation, a fair interpretation would be that the statute of limitations expires sixty days from the service of the notice.  *Id.* at 936 (¶5). However, the statute's language, "shall be extended," may also be fairly read to provide a sixty-day tolling of the two-year period.  *Id.*

¶23.   In determining the most reasonable interpretation of section 15-1-36(15), the *Pope* Court relied heavily on Mississippi Code Annotated section 15-1-57 (Rev. 2019), which states:

> When any person *shall be prohibited by law*, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, *the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the*

*period of time limited by this chapter for the commencement of such action.*

*Id.* (emphasis added).

¶24.     The Court found that the language "shall be prohibited" in section 15-1-57 precluded Pope from filing any suit during the sixty-day period, and at the time she filed her notice, she had two days remaining on her two-year statute of limitations. *Id.* at 938 (¶15). As a result, when the sixty days expired, Pope still had two days remaining to file her complaint. *Id.* Thus, in *Pope*, the Court agreed that the sixty-day notice period tolled the statute of limitations, essentially giving plaintiffs two years and sixty days to timely file her medical malpractice lawsuit. *Id.*

¶25.     The year following *Pope*, the Supreme Court attempted to clarify its decision by stating "that the [statute of limitations] is *extended*, not tolled, pursuant to the language of [section] 15-1-36(15)." *Proli v. Hathorn,* 928 So. 2d 169, 174 (¶18) (Miss. 2006). The Court also stated that its ruling in *Pope*, which held that the statute was "tolled," was controlling. *Id.* at 175 (¶21). In analyzing the facts of the case, the *Proli* Court noted that the statute of limitations began to run on May 18, 2002, and ended on May 18, 2004. *Id.* at 173 (¶13). The notice of claim was provided on April 22, 2004, which meant that June 21, 2004—sixty days after notice was given—was the earliest the plaintiff could file suit. *Id.* at 175 (¶20). The court noted that July 17, 2004—sixty days after the statute of limitations expired—was the latest the plaintiff could file an action. *Id.* Although the Court clarified its holding in *Pope* by stating that the period to file was extended and not tolled, it ultimately applied the same reasoning used in *Pope* and gave the *Proli* plaintiff a full two years and sixty days to file suit.

*Id.*

¶26.    That same year, the Court in *Scaggs v. GPCH-GP Inc.*, 23 So. 3d 1080 (Miss. 2009), extended its prior holdings to include plaintiffs who file their notice of claim earlier than sixty days before the statute of limitations expires. Despite the statute's clear language that the sixty days is only given "if the notice is served *within sixty days* prior to the expiration of the applicable statute of limitations," the Supreme Court held that "[t]he reasonable interpretation of sections 15-1-36(15) and 15-1-57 requires that the sixty-day notice period *may not be used in calculating the statute of limitations*, whether notice is given before or during the final sixty-day period of the statute of limitations." *Id.* at 1276-77 (¶11). The Court found that the injury occurred on March 14, 2002, that Scaggs filed the statutorily required notice, and that therefore he had until May 13, 2004 (two years and sixty days from the injury) to file the complaint. *Id.* at (¶13).

¶27.    Additionally, once a plaintiff has filed a complaint, Mississippi Rule of Civil Procedure (4)(h) gives the plaintiff 120 days to serve the defendants, and the statute of limitations is tolled during that time. However, "if the plaintiff fails to serve process on the defendant within that 120-day period, the statute of limitations automatically begins to run again when that period expires. *Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1185 (¶7) (Miss. 2002). During that period, the plaintiff could also refile her complaint "if the[e] case is dismissed without prejudice and time remains on the statute of limitations." *Knight v. Knight*, 85 So. 3d 832, 836 (¶24) (Miss. 2012). If the plaintiff fails to serve the defendant within the 120-day period, she must either re-file the complaint before the statute of

limitations ends or show good cause for failing to serve process on the defendant within that 120-day period; otherwise, dismissal [without prejudice] is proper." *Holmes*, 815 So. 2d at 1185-87 (¶¶7, 15) (Miss. 2002).

¶28. Applying the Supreme Court's rationale to the instant case, it is clear that the parties and the court erred in calculating the statute of limitations and the final date by which Price could have filed her second complaint.[4]

¶29. In calculating the timeliness of Price's second complaint, none of the parties or the trial court properly applied the law as it relates to the sixty-day notice period. The Supreme Court's clarification in *Proli* that "the time period [in section 15-1-36(15)] is extended, not tolled" likely added to the confusion, as the practical effect of the Court's application actually tolled the two-year statute of limitations for sixty days. Indeed, in *Pope*, *Proli*, and *Scaggs*, the plaintiffs in each case were given two years and sixty days from the date of injury to file their complaints.

¶30. When Price filed her notice of claim on August 7, 2017, there were fourteen days remaining in the statutory limitations period. When she filed suit on October 2, 2017, the remaining days on her statute of limitations clock were tolled for 120 days pursuant to Rule 4(h). When Price failed to serve the defendants within 120 days, her statute of limitations began to run again on January 30, 2018. Adding the fourteen days that remained when she filed her notice of claim, Price had until February 13, 2018, to file her second complaint.[5]

---

[4] The validity of this second complaint, of course, assumes that Price sought dismissal of the October 2017 suit.

[5] We make this point notwithstanding the already pending duplicative action.

¶31. What makes this case one of first impression is that Price filed her October complaint four days before the expiration of the statutorily required sixty-day notice period. This alone would have been grounds for dismissal, as the sixty-day notice period is mandatory. The Supreme Court addressed premature filings as it relates to the Mississippi Tort Claims Act (MTCA) in *University of Mississippi Medical Center v. Easterling*, 928 So. 2d 815 (Miss. 2006), and held:

> [T]he responsibility to comply with the ninety day notice requirement under Section 11-46-11(1) lies with the plaintiff. After the plaintiff gives notice, ***he must wait the requisite ninety days before filing suit***. *Because* [*plaintiff*] *failed to comply with the ninety-day waiting period, her case must be dismissed.*

*Id.* at 820 (¶24) (emphasis added).

¶32. While the *Easterling* case dealt with the MTCA, the Supreme Court in *Greenwood Leflore Hospital v. Watson*, 324 So. 3d 766 (¶9) (Miss. 2021), stated:

> This Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the MTCA. Like the Medical Malpractice Tort Reform Act, the MTCA requires written notice of a claim in advance of the filing of a lawsuit, *a requirement which also is strictly applied.*

*Id.* at 768 (¶6) (emphasis added) (quoting *Arceo v. Toliver*, 19 So. 3d 67, 71-72 (¶¶16-17) (Miss. 2009)).

¶33. If we apply the reasoning used by the Supreme Court discussed *supra* and allow Price to get credit for the full two years and sixty days, this Court would essentially be rewarding her for blatantly ignoring the sixty-day notice requirement that is to be "strictly applied." Price would benefit from the very statute that would have, and should have, been grounds

13

for dismissal. The logic behind allowing medical malpractice plaintiffs to have two years and sixty days to file their complaints makes sense because the plaintiffs are statutorily prohibited from filing their suits during the sixty-day notice period. *See* Miss. Code Ann. § 15-1-57. In this case, however, the reasoning does not apply because Price failed to wait the full sixty days before filing her October complaint. As such, Price should not get the benefit of the full sixty-day extension, and she is not entitled to add four days (the time remaining on the notice period) in addition to the fourteen remaining on the statute of limitations when she filed her notice of claim.

¶34.    Thus, in a case such as this, where a plaintiff fails to wait the entire sixty-day period between providing notice of claim and filing a complaint, the plaintiff is not entitled to "credit" for the days remaining in the sixty-day notice period. The 120-day tolling period begins on the day the plaintiff files suit, and at the end of the tolling period, the plaintiff is entitled to add back only what may have remained between the filing of the notice and the expiration of the statute of limitations.

¶35.    Price's argument that she had until February 20, 2018, to file suit would require that she get credit for the fourteen days between her notice of complaint and the expiration of the statute of limitations *and* the four days between her filing the October complaint and the end of the sixty-day notice window. This would be inequitable and contrary to the Supreme Court's logic. While I recognize that this discussion does not affect the outcome of the case, I felt compelled to correct the parties' and circuit court's misunderstanding and offer clarity on this complex area of medical malpractice litigation.

**WESTBROOKS, J., JOINS THIS OPINION.**